East Tennessee, Virginia & Georgia Railroad Company *v.* Martin.

---

EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY *v.* MARTIN.

(*Knoxville.*    October 12th, 1886.)

1. PRACTICE. *Demanding jury in appeal cases.    When and how made. Sufficient demand.*

   In a case appealed to the Circuit Court, the demand for a jury trial, under the Act of 1875, must be made of the *Court,* within the first three days of the trial term, and record made thereof.

   Cited:  Acts 1875, page 6 (Code (M. & V.), §§ 3602–5).

2. SAME. *Same.    Same.    Insufficient demand.*

   It is insufficient to make such demand of the Clerk of the Court; or to give him notice of such demand, and have him enter it upon his rule docket, or other docket; nor will the action of the Clerk, in placing and keeping a case on the jury docket, suffice.

   Case cited and distinguished:  Coulton *v.* Machine Co., 3 Lea, 115.

3. SAME. *Same. Objection, when made.*

Objection to a jury trial, because none has been demanded, is properly made when the case is called for trial.

## FROM MONROE.

Appeal in error from Circuit Court of Monroe County. January Term, 1884. S. A. ROGERS, J.

This is an action against a railroad company for damages to plaintiff's property, caused by a collision. It was tried on the 16th of July, 1881, by a Justice of the Peace, decided against the railroad company, and by it appealed to the Circuit Court. It was continued from term to term until January, 1884, when it was tried by a jury and again decided against the company and appealed to this Court. The railroad company objected to a jury trial. The grounds of objection, and the action of the Court, are set out in the record as follows:

"It is entered of record in this case, that when this case was called for trial the defendant objected to a jury in the case because neither party had demanded one in the time required by law, and thereupon was read to the Court an entry from the rule docket of the Clerk, which is in the words and figures following, to-wit:

"'Papers filed and docketed July 23d, 1881, and jury demanded by plaintiff's attorney, R. Pritchard.'

9a

"And it appearing that the cause had been regularly entered and kept on the jury docket, on consideration of all which by the Court, said objection was overruled and a jury called."

W. M. BAXTER, and HENDERSON & JOUROLMON, for Railroad Company.

CHAMBERS & PRITCHARD for Martin.

SNODGRASS, J.    The act approved February 19th, 1875, to regulate trials by jury, provides "that hereafter, when any civil suit is brought in any of the courts of record of this State, whether such suit comes to such court by summons, appeal, *certiorari*, or otherwise, and which is now triable by jury, either party desiring a jury shall, in case of original suits, demand a jury in his first pleading tendering an issue triable by jury; and in case of all other suits shall demand a jury within the first three days of the trial term; and if no such demand is made as aforesaid, the Clerk shall place such cause on the docket, to be styled the nonjury docket, and a failure to demand a jury as aforesaid shall be deemed and held conclusively an agreement of the parties to submit all issues and questions of fact to the decision of a Judge without a jury," etc.    Acts 1875, page 6.

The proper construction of this act requires that the demand "in all other suits" in which it is not to be made in the pleadings shall be made of the Court.    The demand "in the pleadings" is ad-

East Tennessee, Virginia & Georgia Railroad Company *v.* Martin.

dressed to the Court; for while declarations—unlike bills in chancery—are not *in form* addressed to the Judge of the court in which they are filed, yet they are so in fact, as are all other pleadings in the case; and the "demand in the pleadings" is addressed to the Court. So, it is intended, should be the demand not in the pleadings. Such demand might be by petition filed in the case with the record, or motion made and entry thereof noted on the minutes; but, in whatever form made, it must be of the Court, and within the first three days of the term, and it should properly appear that the attention of the Court was attracted to it, and record made of his action thereon, in order that the case might be placed upon the proper docket and that any error committed by the Court might be, if necessary, reviewed and corrected. No demand of the Clerk, nor mere notice to him that a jury is demanded, nor entry by him upon a rule docket or other docket, at the instance of one of the parties, is sufficient; and if the Clerk, under such notice or direction, places a case in which no such demand has been made upon the jury docket, it will not authorize a trial thereof by jury over the objection of the other party. Nor will the lapse of time during which such case has remained on the jury docket authorize a trial by jury over like objections. The mistake of the Clerk will not affect the right of the parties.

In the case of *Coulter* v. *Weed Sewing Machine Company* (3 Lea, 115), it was held that if after

demand made the cause was placed on the non-jury docket, and the party at whose instance the demand was made did not call the attention of the Court to the proper demand when before trial he moved to have the case placed on the jury docket, it was not error in the Court to overrule the motion; and that a proper demand, shown after trial to have been made before, was waived by allowing the case to remain on the non-jury docket for several terms and *failing to insist on the demand at the proper time.*

In the present case no valid demand was ever made. When the case was called for trial it was the proper time to object to trial by jury for this reason, and defendant then made the objection, which was overruled, and judgment rendered by the Circuit Judge for defendant in error.

It must be reversed and the cause remanded for a new trial.

---

This case settles the construction of the Act of 1875, Chapter 4 (Code (M. & V.), §§ 3602–3605), in conformity to Chief Justice Deaderick's view of what is "the proper and better practice" (16 Lea, 422), and overrules the case of Railroad Co. *v.* Gross, 16 Lea, 720, indicating a different practice as the proper one.

This act has been construed in the following respects:

It is constitutional. 2 Lea, 684. In *original* cases, the pleadings cannot be amended so as to demand a jury trial after the issues have been joined, and a continuance had. 11 Lea, 190; 9 Lea, 231; 2 Lea, 684. At the issue term, the Court may, in its discretion, permit the amendment. 2 Lea, 688.

In *appeal* cases, a demand for a jury trial made after the first trial term, is properly refused. 3 Lea, 115. Without demand, the parties may consent to a jury trial. (Code (M. & V.), § 3605.)

And consent is implied, where the case is permitted to remain on the jury docket, and is once submitted to a jury without objection.   16 Lea, 419.

Not so, however, if the issues are changed after the first trial.   10 Lea, 365.

This act does not apply to jury trials in the Chancery Court.   6 Lea, 477.

The conclusion to the country, in a plea, is not a sufficient demand for a jury.   Post, page ——.