## GLEAVES *v.* DAVIDSON.

### (*Nashville.* February 5th, 1887.)

PRACTICE. *Demanding jury. Act of* 1875 *construed.*

The ordinary conclusion to the country, in a plea, is not a sufficient demand for a jury, by the defendant, under the Act of 1875, Chapter 4, requiring that "either party desiring a jury shall in case of original suits, demand a jury in his first pleading, tendering an issue traiable by jury."

Code cited: § 3602 (M. & V.)

(See Railroad Co. *v.* Martin, *ante* p. 134.)

#### FROM WILSON.

Appeal in error from Circuit Court of Wilson County. ROBT. CANTRELL, J.

WILLIAMSON & BEARD for Gleaves.

STOKES & STOKES for Davidson.

CALDWELL, J.   In 1883 Mahala Davidson brought this action of damages in the Circuit Court of Wilson County, against W. A. Gleaves, for seducing, debauching, and begetting her with child "without her free will and consent."

Gleaves filed a plea of not guilty, with the conclusion, "and of this he puts himself upon the country."

When the case was reached for trial the defendant asked for a jury, which was refused by the Circuit Judge, who proceeded to hear and determine the case, without the intervention of a jury. Judgment was for the plaintiff for $1,500, and Gleaves has appealed in error.

The Circuit Judge was of opinion that the defendant had not demanded a jury in his plea, and for that reason refused his request, on the trial, for a jury.

This action is assigned as error.

Counsel for appellant concedes that, since the Act of 1875, "either party desiring a jury shall, in case of original suits, demand a jury in his first pleading, tendering an issue triable by jury"— (Code by M. & V., § 3602)—but his contention is that the plea of not guilty, filed for his client, makes that demand; that the conclusion *to the country* meets the requirements of the law.

Gleaves *v.* Davidson.

We agree with the trial Judge, and dissent from the view of counsel.

Though "the resort to a jury, in ancient times, could, in general, be had only by the mutual *consent* of each party," and the conclusion *to the country* was then used by the one party to indicate that the issue tendered was to be tried by a jury, and the *similiter* was used by the other party to express his consent to such trial (Stephens on Pleading, Rule 3, pages 236-7; Rule 2, page 229), we think the ancient origin of such pleading, and the reasons therefor, cannot now be invoked, as controlling, in the construction of a modern statute.

In this State, prior to the Act of 1875, all issues of fact, in the Circuit Court, were triable by jury, without reference to the mode of pleading—whether with formal *commencements* and *conclusions*, as at common law, or without such formalities and according to the Code. The two modes were then used indiscriminately, and with the same effect, by the profession.

Therefore, that act must be held to apply alike to both systems of pleading, and to require (whether the one or the other should subsequently be adopted in a given case) that the pleader should go further than formerly and in terms make the demand, if he desired the issue tendered to be tried by a jury.

The evidence sustains the finding of facts and judgment by the Court below, and the judgment is affirmed.