## McGuire *v.* Railroad.

### (*Nashville.* January 7, 1896.)

1. JURY TRIAL. *Statutes relating to demand for constitutional.*

Doctrine reaffirmed that our statutes requiring litigants to demand jury trial, and regulating time and manner of making the demand, are constitutional. (*Post, p. 708.*)

Acts construed: Acts 1889, Ch. 220; Acts 1875, Ch. 4.

Cases cited and approved: Garrison *v.* Hollins, 2 Lea, 684; Travis *v.* Railroad, 9 Lea, 231.

2. SAME. *Ineffectual demand for.*

The demand for jury trial, though made on the first day of a trial term, is ineffectual under the provisions of our statutes, and must, upon objection, be disallowed, when it is made by mere motion in open Court, without entry thereof on the trial docket, and after the case has been called and both parties have announced themselves ready for trial. (*Post, pp. 709, 710.*)

Acts construed: Acts 1889, Ch. 220; Acts 1875, Ch. 4.

Cases cited and approved: Railroad *v.* Martin, 85 Tenn., 134; Travis *v.* Railroad, 9 Lea, 231; Railroad *v.* Foster, 10 Lea, 351.

---

### FROM HUMPHREYS.

---

Appeal from Circuit Court of Humphreys County. A. H. MUNFORD, J.

T. L. LANIER for McGuire.

H. C. CARTER and J. D. B. DeBow for Railroad.

McALISTER, J.   The plaintiff, McGuire, recovered a judgment in the Circuit Court of Humphreys County against the defendant company for the sum of $129, for the negligent killing of certain stock. The company appealed, and has assigned errors. The first assignment is based upon the action of the trial Judge in allowing a trial by jury without a compliance on the part of plaintiff with the statute in such cases made and provided.

Chapter 220, Acts 1889, provides, viz.: "That hereafter all suits now pending in the Courts of this State, or which may hereafter be brought, either party desiring a trial by jury shall be entitled to a jury, provided he call for the same on the first day of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury, and, unless such demand is made, and entry thereof on the trial docket, it shall be the duty of the Court to try the case without a jury." This Act is an amendment to an act passed February 11, 1875, in which it was declared that a failure to demand a jury, as aforesaid, shall be deemed and held conclusively an agreement of the parties to submit all issues and questions of fact to the decision of the Judge, without a jury.   The Act of 1875 was held constitutional by this Court in *Garrison* v. *Hollins, Burton & Co.*, 2 Lea, 684; *Travis* v. *Railroad*, 9 Lea, 231.   See, also, Thompson on Trials, Sec. 2; Elliott's General Practice, Vol. II., Secs. 504, 506, 950.

The record discloses that this cause was called for trial on the first day of the March term, 1895, whereupon both sides announced ready for trial. Immediately thereafter, counsel for plaintiff demanded a jury, to which defendant objected, upon the ground that the demand came too late, since the cause had been called for trial, and both sides had announced ready. The Circuit Judge overruled defendant's exceptions, and granted a trial by jury. In this action we think there was error. No entry was made upon the trial docket demanding a jury, as required by the Act of 1889, nor was any demand made at all until the case had been called for trial, and both sides had announced themselves as ready. If the plaintiff was entitled to a jury at that time, he could have made his demand at any stage of the trial, and the requirement of the statute that an entry must be made upon the trial docket demanding a jury, would be a dead letter. It has been held by this Court that the statute is imperative, and must be observed. 9 Lea, 231; *Railroad* v. *Morton*, 85 Tenn., 134; 10 Lea, 351.

Says Mr. Elliott, in his work on General Practice, Vol. II., Sec. 950, viz.: "The Legislature may rightfully provide for trial by the Court in civil proceedings where the parties agree to waive a jury, and may, within limits, regulate the mode of asking a jury trial. . . . It is competent for the Legislature to provide that, if the party does not ask a jury in proper person or in an appro-

priate mode, he shall be deemed to waive a right to a jury trial. Secs. 504, 506. So, in this State, demand for a jury must be seasonably asserted, and unless · the entry is made on the trial docket, the statute provides that it shall be the duty of the Court to try the case without a jury."

The judgment is reversed, and the cause remanded for a new trial.