## KITTIE S. FERRIS *v.* DAVID H. BLOOM.

### (*Knoxville.*   September Term, 1915.)

**1. JURY. Jury trial. Waiver. "Civil suit."**

Shannon's Code, sec. 3912, providing that the issue of *devisavit vel non* shall be tried by jury, was enacted prior to Acts 1875, ch. 4, as amended by Acts 1889, ch. 220 (Shannon's Code, secs. 4611-4616), providing that failure to demand a jury in the method provided should constitute a waiver of the right to jury trial. *Held*, that, as the legislature must have known that an issue *devisavit vel non* was a civil suit, the subsequent acts apply to trial of that issue, and a contestant's failure to demand a jury trial is a waiver of the right. (*Post*, p. 467.)

Acts cited and construed: Acts 1875, ch. 4; Acts 1889, ch. 220.

Cases cited and approved: Swink v. McKnight's Executors, 88 Tenn., 765; Cheatham v. Pearce & Ryan, 89 Tenn., 668; Worthington v. Railroad, 114 Tenn., 177; Garrison v. Hollins, Burton & Co., 70 Tenn., 684; Coulter v. Sewing Machine Co., 71 Tenn., 115; Railroad v. Foster, 78 Tenn., 351; McGuire v. Railroad, 95 Tenn., 707; Warren v. Grocery Co., 96 Tenn., 574; Casey, etc., Mfg. Co. v. Weatherly, 97 Tenn., 297.

Code cited and construed: Secs. 3912, 4611-4616 (S.).

**2. JURY. Right to jury. "Cases triable by jury."**

Acts 1875, ch. 4, as amended by Acts 1889, ch. 220 (Shannon's Code, secs. 4611-4616), providing that in cases "triable by jury" a demand shall be necessary, applies not only to cases where jury trial was permissive, but where it had heretofore been imperative; neither Const., art. 1, sec. 6, declaring that right of trial by jury shall remain inviolate, nor Const. U. S. Amend. 7, declaring that it should be preserved, prohibiting waiver of jury trial. (*Post, p.* 469.)

Acts cited and construed: Acts 1875 and 1889.

Ferris v. Bloom.

Cases cited and approved:   Garrison v. Hollins, Burton & Co.,
70 Tenn., 684; McGuire v. Railroad, 95 Tenn., 707; Warren v.
Grocery Co., 96 Tenn., 574; In re Pittsburg, 243 Pa., 392; Indian-
apolis N. T. Co. v. Brennan, 174 Ind., 1.
Code cited and construed:   Sec. 3912 (S.).

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County
to the Court of Civil Appeals, and by *certiorari* from
the Court of Civil Appeals to the Supreme Court.—NA-
THAN L. BACHMAN, Judge.

LITTLETON, LITTLETON & LITTLETON, for contestant.

SIZER, CHAMBLISS & CHAMBLISS, for proponent.

MR. JUSTICE BUCHANAN delivered the opinion of the
Court.

This is a contested will suit.   The only question for
decision is whether the parties waived a jury trial of
the issues made up in the circuit court.   That court
tried the issues without a jury, and sustained the will.
The ruling of the circuit judge was that the parties had
waived a jury trial.   The court of civil appeals, in an
opinion by Mr. Justice Higgins, affirmed the judgment,
and contestant presents the question to us by her peti-
tion for *certiorari.*

It is not insisted that either party made a demand
for a jury trial of the issue in the manner prescribed

by chapter 4, Acts of 1875, as amended by chapter 220 of the Acts of 1889 (Shan. Code, sections 4611-4616, inclusive). Contestant insists that such demand was not necessary to be made, basing this insistence upon section 3912, Shannon Code 1896, which provides that "the issue shall be tried by a jury," meaning the issue *devisavit vel non.* Proponent insists that the act of 1875 and the act of 1889 were subsequent in date of passage to the statute (section 3912, supra), and that the legislature in the passage of the subsequent acts intended them to apply to issues *devisavit vel non.*

. Beyond all doubt, such an issue was a civil suit, triable by jury when our jury statutes above named were passed. The first of those statutes, in express terms, applies to any civil suit, and the second to all civil suits triable by jury. We must ascribe to the legislature the knowledge that an issue *devisavit vel non* was a civil suit triable by jury, and it follows as a conclusion entirely reasonable that the legislation includes such issues along with other civil suits triable by jury, and imposes on parties to such issues the duty of making a demand for a jury trial in the manner required by the acts.

It is manifest, without authority, that the two acts should be construed together; but the point has been expressly ruled in *Swink v. McKnight's Executors,* 88 Tenn. (4 Pick.), 765, 14 S. W., 311. The terms of these jury acts indicate their application to the trial of issues of fact in courts of chancery; but a contrary ruling on this point, based upon sound reason, has been

made. *Cheatham v. Pearce & Ryan,* 89 Henn. (5 Pick.), 668, 15 S. W., 1080; *Worthington v. Railroad,* 114 Tenn. (6 Cates), 177, 86 S. W., 307, 4 Ann. Cas., 1002, and note.

We see no reason to support the view that the statutes in question were not intended to apply to issues *devisavit vel non* which might not as well support a similar view as to other civil suits in which the statutes have been held to apply. *Garrison v. Hollins, Burton & Co.,* 70 Tenn. (2 Lea), 684; *Coulter v. Sewing Machine Co.,* 71 Tenn. (3 Lea), 115; *Railroad v. Foster,* 78 Tenn. (10 Lea), 351; *McGuire v. Railroad,* 95 Tenn. (11 Pick.), 707, 33 S. W., 724; *Warren v. Grocery Co.,* 96 Tenn. (12 Pick.), 574, 36 S. W., 383; *Casey, etc., Mfg. Co. v. Weatherly,* 97 Tenn. (13 Pick.), 297, 37 S. W., 6.

Contestant insists that the words "triable by jury," as used in the acts, should be held to apply only to cases where a jury trial was "permissible," and not to cases where such a trial was "imperative," under a statute such as section 3912, Shannon Code. This argument is without merit. Under our constitution, where the right to trial by a jury exists, whether it be declared by the imperative terms of a statute or not, the right is protected by article 1, section 6, of that instrument, which declares "the right of trial by jury shall remain inviolate." The permanency of the right depends upon the constitution. If the right rested alone in the statute, the legislature could by a subsequent statute mod-

ify · or altogether destroy the right, according to its will. It has long been settled that the acts of 1875 and 1889 do not violate the right of trial by jury, nor contravene the provision of the constitution above set out. Indeed, it has been said that the right to trial by jury is carefully secured by these acts to the citizen on his demand, and the public policy underlying the acts has been distinctly approved. *Garrison v. Hollins, Burton & Co.*, 70 Tenn. (2 Lea), 684; *McGuire v. Railroad*, 95 Tenn. (11 Pick.), 707, 33 S. W., 724; *Warren v. Grocery Co.*, 96 Tenn. (12 Pick.), 574, 36 S. W., 383. The seventh amendment of the constitution of the United States provides: .

"In suits at common law, where the value in controversy shall exceed twenty dollars ($20), the right of trial by jury shall be preserved," etc.

But the supreme court of the United States has uniformly held that the right may be waived in such actions. See cases cited in Encyc. Digest U. S. Supreme Court Reports, vol. 7, p. 762, note 95. The right to trial by jury in a contested will case may be waived. 40 Cyc., p. 1320; Pritchard on Wills and Administration, section 366. A party may waive his right of trial by jury during the pendency of proceedings in the cause by conduct inconsistent with the exercise of such right. *In re Pittsburg*, 243 Pa., 392, 90 Atl., 329, 52 L. R. A. (N. S.), 262; *Indianapolis N. T. Co. v. Brennan*, 174 Ind., 1, 87 N. E., 215, 90 N. E., 65, 68, 91 N. E., 503, 30 L. R. A. (N. S.), 85.

Ferris  v.  Bloom.

The act of 1875, after prescribing the manner in which a demand for a trial by jury shall be made, further provides:

"And a failure to demand a jury as aforesaid shall be deemed and held conclusively an agreement of the parties to submit all issues and questions of fact to the decision of the judge without a jury."

The act of 1889 provides:

"And unless such demand is made, and entry thereof on the trial docket, it shall be the duty of the court to try the case without a jury."

There was no error in the judgment of the court of civil appeals, and it is accordingly affirmed.