NATIONAL LIFE & ACCIDENT INSURANCE COMPANY *v.*
GEORGE JORDAN.

(*Nashville.*   December Term, 1915.)

**JURY.  Jury trial.  Demand.**

Shannon's Code, sec. 4611 (Acts 1875, ch. 4, as amended by Acts 1889, ch. 220), declares that, when any civil suit is triable by jury, either party desiring a jury shall demand the same in his first pleading, tendering an issue triable by jury, or he shall call for the same on the first, day of any trial term, and have an entry on the docket that he calls for a jury, and, unless such demand and entry is made, the court shall try the case without a jury.   Sections 4616 and 4673 require the clerk to keep two dockets, styled, respectively, "nonjury" and "jury" dockets. Three days before the first day of the term defendant's counsel, by an entry in the clerk's docket, demanded a jury trial. · *Held* that, as the amendatory act provided for demand. other than with the first pleadings, and as the court cannot in a case triable by jury deny that right, the demand was sufficient, although not made to the court on the first day of the term.

Acts cited and construed:  Acts 1875, ch. 4;  Acts 1889, ch. 220.

Cases cited and approved:   Railroad v. Martin, 85 Tenn., 134; Railroad v. Timmons, 116 Tenn., 29.

Codes cited and construed:  Secs. 4611, 4612, 4616, 4673 (S.).

FROM DAVIDSON

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—A. G. RUTHERFORD, Judge.

R. E. BLAKE, for plaintiff in *certiorari*.

G. S. MOORE, for defendant in *certiorari*.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The action originated before a justice of the peace. It was a suit on two accident policies. The company was cast, and judgment went against it for $72.50. On its appeal to the circuit court there was judgment against it for the amount of $35. Its motion for a new trial in that court being overruled, it appealed to the court of civil appeals, where the judgment was affirmed, and the case is before us on petition for *certiorari*.

The single question is whether the company made a call or demand for a jury trial in the circuit court in the mode and at the time prescribed by our statutes regulating the practice in such matters.

The first day of the term of the circuit court to which the case was appealed was February 1, 1915. The case was tried by the circuit judge without a jury during that term. Prior to the beginning of that term, to wit, on January 28, 1915, the attorney for the company, by an entry on the clerk's trial docket, where it had caused the style of the case to be set down in writing, made demand for a jury trial of the cause in these words:

"The defendant demands a jury to try this case February 1, 1915.

"R. E. BLAKE, Attorney for defendant."

This demand was on the clerk's jury trial docket on the first day of the term to which the case was appealed,

and at which it was tried, and the demand was made in accord with the practice of the attorneys who were accustomed to demand jury trials in causes pending in that court. Nevertheless his honor the circuit judge was of the opinion that the practice was not in accordance with the law, and he accordingly sustained the plaintiff's motion to remand the case to the nonjury docket; the ground of his action being that the record failed affirmatively to show that a demand for a jury trial was made by defendant on the first day of the term to which the case was appealed. The order reciting the action of the court vacates an order entered on page 363 of Minute Book 2 demanding a jury. We think it is evident from what is shown by this order that the clerk of the court, in accord with the former practice therein, had regarded what appeared upon his jury trial docket as a sufficient demand for a jury trial, and had made a minute entry on the first day of the term reciting, in substance, that a jury trial had been demanded in the cause. Our statutes (sections 4616 and 4673, Shannon's Code) require the clerk to keep two trial dockets, styled, respectively, ''nonjury'' and ''jury'' dockets, upon which he is required to place the cases respectively designated to be tried without a jury, or by a jury. The sections of Shannon's Code relating to the matter in hand are numbered 4611 to 4616, inclusive.

The foregoing sections are compiled from two acts of our general assembly; the first is chapter 4, Acts of

1875; the second is chapter 220, Acts of 1889. The act last mentioned is an amendment of the original act, and was, no doubt, passed in order to simplify the practice, and to avoid misapprehension of the exact meaning of the original act, as it had been construed in *Railroad* v. *Martin*, 85 Tenn. (1 Pick.), 134, 2 S. W., 381. The amendatory act puts the two classes of cases mentioned in section 1 of the act of 1875 on much the same footing. It did not repeal the right of a party to a suit originating in a court of record to demand a jury in his first pleading tendering an issue triable by jury. It left that provision standing as the same existed under the original act; but the amendatory act added to the existing mode in such cases another mode, and the two modes of making the demand or call are made apparent by an examination of section 4611, Shannon's Code. The second mode named in that section was not available to a party in that class of cases under the original act. The amendatory act, by its express terms, applies to both classes of cases covered by section 1 of the original act, and the mode of calling for or demanding a jury which the amendatory act prescribes may be pursued with equal success in either class of cases. This mode, common to each class of cases is laid down in the amendatory act with fair exactness. At only one point is there ambiguity. The word "call" and the word "demand," as used in the first section of the amendatory act, are synonymous in meaning. The ambiguity lies in the absence of express words prescribing of whom the call or demand shall be made; but this am-

biguity, when the history and purpose of the legislation is considered, may be easily cleared away. The prime purpose of the legislation was twofold: First, to expedite the business of the courts by dividing trials into jury and nonjury trials, and providing for jury and nonjury dockets; second, to prescribe some definite method by which it might become known to the courts and to the clerks which of the causes pending at the beginning of the term, and triable by jury were intended by the parties to be so tried, and, on the other hand, which of such cases the parties intended to submit to the judgment of the court without the intervention of a jury, and to accomplish these two purposes of the statute the jury and nonjury trial dockets were provided for, to be kept by the clerk of the court, and further to accomplish these purposes we find in the first section of the act of 1875 the declaration that:

"A failure to demand a jury as aforesaid shall be deemed and held conclusively an agreement of the parties to submit all issues and questions of fact to the decision of the judge without a jury."

Under the act of 1875 the parties were allowed the first three days of the trial term within which the demand might be made, but that provision was changed to one particular day by the amendatory act, under which the parties are allowed the first day of any term at which the suit stands for trial to make demand for a jury trial. The purpose of the amendatory act was that on the particular day designated by it there should be spread on the clerk's jury trial docket, the style of each

case, and the demand or call of the party thereto who desired a trial of that cause by a jury; and it matters not, as we think, whether the entries aforesaid, upon the clerk's trial docket, be made before the first day of any term at which the case stands for trial, or on the first day of such a term. In either case the entry of the style of the cause and the demand for a jury trial thereof would suffice. In crowded centers of population, where the volume of business is great, a construction of the legislation which would require every demand for a jury trial to be made on the first day of the term by an entry of the style of the cause, and the demand, on the clerk's trial docket, on that particular day, would be exceedingly inconvenient, and would not serve, in our opinion to forward any purpose of the legislation. We see no purpose in the legislation which would be advanced by requiring the call or demand to be made in open court, and upon the presiding judge thereof, on the first day of any term at which the cause stands for trial. Neither of the acts expressly so provides, and nothing in either of them warrants us in importing into them such a meaning. Such a construction would impose upon the judge useless labor, and result in an unprofitable consumption of his time.

We think the call or demand which was made in the present case on January 28th, and which was recorded on the clerk's jury trial docket, and stood thereon open to the examination of the judge of the court and of the bar alike, on the first day of the term to which the cause was appealed, and that on which it stood for trial, and

was tried, was a sufficient compliance with section 4612, Shannon's Code, and the act of 1875, as amended by the act of 1889.  The demand made in this case was a continuous one for every moment of the first day of the term.  No mere direction of the attention of the circuit judge to the demand would have advanced any purpose of the statute.  There was no discretion of the judge to grant or refuse it, if it were sufficient in form and substance as a compliance with the mode laid down in the statute.  The warrant or right of a party to a jury trial in a cause triable by jury exists under the constitution of the State and under the federal constitution.  The judge of the court was without power to deny such a right if it was demanded in the mode laid down in the statute and at the time specified.  To be sure, if a party has made an abortive effort to make a demand for a jury trial, and in response thereto the cause has been set down on the clerk's jury trial docket, the opposite party may move to remand the cause to the nonjury docket, and this motion the court has power, and is under the duty, to grant if made in time.  Such a motion may, of course, be made by the opposite party and disposed of by the court after the first day of any term at which the cause stands for trial.  Such a motion was allowed in *Railroad* v. *Timmons,* 116 Tenn. (8 Cates), 29, 91, S. W., 1116, and in that case the legislation under consideration received, in substance, the same construction given to it herein.

The court of Civil Appeals, in sustaining the action of the trial judge, seems to have followed the reasoning

of this court in *Railroad* v. *Martin,* 85 Tenn. (1 Pick.) 134, 2 S. W., 381. Judges WILSON and MOORE, however, dissented.

*Railroad* v. *Martin,* supra, was decided prior to the passage of the amendatory act; but *Railroad* v. *Timmons,* supra, was decided after that act, and the construction of the act in that case should have been followed by the court of civil appeals.

It results that the writ is granted, the judgment of the court of civil appeals is reversed, and the cause is remanded to the circuit court of Davidson county for further proceedings. A copy of this opinion will go down with the *procedendo* on the remand.