## TOM & FRANK WILKERSON v. THE JOYCE-WATKINS CO.

Western Section. August 5, 1927.

Petition for Certiorari denied by Supreme Court, December 17, 1927.

1. **Trial. Where jury is demanded for first time after the witnesses have been sworn, the demand comes too late.**

   Where the defendants did not demand a jury in their pleading and for the first time demanded a jury after the witnesses had been sworn and excluded from the room, held that the demand came too late and was properly refused by the trial court.

2. **Evidence. Evidence in an action for damages caused by causing fire held sufficient to sustain the verdict.**

   In an action to recover damages sustained by reason of the burning of certain timberland where it was shown that the defendant had set leaves on fire to burn around the fences after being warned not to do so by deputy forest fire patrolman and the fire had spread and burned plaintiff's timber, held the evidence sufficient to sustain the verdict rendered.

3. **New trial. A new trial will not be granted because of newly discovered evidence which tends to impeach a witness unless the new evidence would necessary cause a different result.**

   If, from the nature of the evidence that the moving party seeks to rely upon, as disclosed by the motion and affidavit it is apparent no purpose can be served other than the impeachment of the testimony of an adversary, or a witness of the adverse party a new trial should not be granted, unless the testimony of the witness sought to be impeached was so important to the issue, and the evidence impeaching the witness so strong and convincing that a different result would necessarily follow.

Appeal in Error from Circuit Court, Hardin County; Hon. J. A. England, Judge.

Affirmed.

H. P. Wood, of Selmer, and Edwin DeFord, of Savannah, for plaintiff in error.

Ross & Ballew, of Savannah, for defendant in error.

OWEN, J.   The defendants below, Tom and Frank Wilkerson, have appealed from a judgment rendered against them for $1,000 in favor of the Joyce-Watkins Company, a corporation, and hereinafter called the plaintiff, which judgment was rendered by the Circuit Judge holding the circuit court of Hardin county, without the intervention of a jury.   The suit was begun by summons and a declaration was filed containing four counts.   It was alleged that the plaintiff owned a large body of timbered lands in Hardin county —1384 acres—and that the defendants knowingly, intentionally, negligently and wilfully set out fire on the plaintiff's premises, or near the same so that the fire spread to its lands, and the defendants negligently permitted the fire to reach the lands of plaintiff, and said fire burned over four or five hundred acres of said lands of plaintiff, damaging the timber thereon, to the plaintiff's damage in the sum of $2500.   The plaintiff did not, in its declaration, call for a jury.   Defendants filed a plea of not guilty, and neither did they demand a jury.   It appears that the defendants are father and son—Tom Wilkerson being the father of the defendant Frank Wilkerson.

The cause was heard before the Circuit Judge on the 15th of November, 1926.   After the judgment was rendered some three days after the trial begun, the defendants filed a motion for new trial, which was heard and overruled, and they prayed and were granted an appeal to this court, and have assigned six errors.

The sixth error is that the court erred in failing to sustain the motion for new trial.   This assignment is overruled because it is too general, the assignment of error must state some specific error relied on.   Madison Land & Loan Co. v. F. H. Hammond et al., Vol. 2, App. Rep., 423.

By the first and second assignments of error it is insisted that the court was in error in not allowing the defendants a trial by jury.

The third and fourth assignments of error insist that there is no material evidence to support the findings of the court as to any liability, but if there is a legal liability against the defendants there is no evidence to support the amount of such liability as found by the court.

The fifth assignment claims that the court erred in not granting a new trial because of newly-discovered evidence obtained after the trial in the circuit court.

As to the first and second assignments of error we quote from the record, as follows:

"Plaintiff announced ready for trial; thereupon H. P. Wood, one of the attorneys appearing for the defendants in the absence of Edwin DeFord, one of the attorneys of record for defendants, the said H. P. Wood being the only attorney present, and appearing for defendants at the time, announced that defendants were ready for trial. Thereupon the witnesses were called and sworn and the rule being called for were sent out. The said Edwin DeFord, one of the attorneys of record for defendants, and who was acting for the day as attorney-general pro tem, and was in the grand jury room at this time working with the grand jury, in the building, but not in the circuit court room, was called, at the request of the said H. P. Wood, and immediately appeared in court; after a brief conference held by H. P. Wood and Edwin DeFord, sole attorneys for defendants, said attorneys then moved the court to allow them to amend their plea so as to ask for a jury to try the issues in the case and said motion was disallowed and overruled by the court."

It appears that the summons in the instant case was issued June 10, 1926. The declaration was filed July 14, 1926, and the plea of the defendants was filed July 15, 1926. The declaration and the plea were both filed during the regular July term of the circuit court of Hardin county. The case was at issue and ready for trial at the regular November term, 1926.

The first assignment of error is controlled by Shannon's Code, sections 4611, 4612 and 4613, being chapter 4 of Acts of 1875 and chapter 22 of Acts of 1889.

The Acts of 1875, chapter 4, section 1, provides that either party in any original civil suit, desiring a jury, shall demand the same in his first pleading tendering an issue triable by jury, and in all other suits the demand must be made within the first three days of the trial term. If no such demand is made in the first pleadings tendering an issue, in an original suit, it is made the duty of the clerk to place the cause on the docket to be styled the "non-jury docket," and a failure to demand a jury as provided by the act shall be deemed and held conclusively an agreement of the parties to submit all issues and questions of fact to the decision of the judge without a jury.

The second section of the act provides for the keeping of two trial dockets, one to be styled "non-jury docket," and the other "jury docket." However, the Supreme Court has expressly held, that the failure of the clerk to keep such dockets in no way affects the mandatory provisions of the act as to the demand for a jury.

The Act of 1875 was amended by chapter 220 of the Acts of 1889, and the only amendment to the original act is, to provide that in all suits, either party desiring a trial by jury must call for the

same on the first day of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury, and unless such demand is made, and entry thereof on the trial docket, it shall be the duty of the court to try the case without a jury.

This amendatory act has been construed by the court in several cases, and it was held that a demand made in the pleadings was sufficient. However, the provision of the original act, that unless a demand was made in accordance with the directions of the act, the right to a trial by jury was conclusively waived.

In Garrison v. Hollins Burton & Co., 2 Lea, 684, the Act of 1875 was held constitutional.

In Railroad v. Scales, 2 Lea, 688, it was held that the amendment could be made at the issue term.

In Travis v. Railroad, 9 Lea, 231, it was held that, upon failure to demand a jury in the pleadings an amendment would not be allowed so as to make such demand, at a term subsequent to the issue term.

It was held, in Railroad v. Foster, 10 Lea, 351, that, where the pleadings did not demand a jury a trial nevertheless before a jury, new trial granted, amended declaration filed without demand for jury, then another trial before a jury over the objection of the defendant, the fact that there had been one trial by jury did not authorize the second trial by jury, and the defendant was not estopped to object to the jury. It was upon the error of the court in allowing the trial by jury that the case was reversed.

In Railroad v. Martin, 85 Tenn., 134, it was held that the demand for a jury trial, under the Act of 1875, must be made to the court and not the clerk, in cases other than original suits.

In Gleaves v. Davison, 85 Tenn., 380, the court held that the ordinary conclusion to the country, in a plea, was not a sufficient demand for a jury under the Act of 1875, but that the plea must go further, and in terms make the demand for a jury if the pleader desired the issues tendered to be tried by a jury.

It is held in the case of Coulter v. Weed Sewing Machine Co., 3 Lea, 115, that upon application made, after the expiration of three days, was too late.

In the case of Franklin v. McCorkle, 11 Lea, 190, the declaration was filed at the August term, 1880. Pleas were filed December 6, 1880. The case was continued then until the next term. At the next term the plaintiff moved the court to allow an amendment to the declaration so as to demand a jury. The amendment was allowed by the trial court over the objection of the defendants. Upon appeal the judgment of the lower court was reversed, the court holding, through Justice Turney, that pleadings which failed to

ask the trial by jury cannot be amended by asking for a jury at a subsequent term, and it is error to allow the amendment. The failure to demand a jury by either party is conclusively held to be an agreement to try without a jury.

It results that the first assignment is overruled.

The second assignment complains of the action of the court in not allowing the defendants' demand for a jury to be entered on the docket, it being alleged that this demand was made the first day of the term. However, both sides had announced ready; the witnesses had been sworn and put under the rule, and this proposition has been settled by the Supreme Court of this state in the case of McGuire v. Railroad, 95 Tenn., 707, in an opinion by Mr. Justice McAlister. In that case it appears that the case was called for trial in the circuit court of Humphreys county at the March term, 1896, the Act of 1889 being then in force. We quote from the opinion, as follows:

"Immediately thereafter, counsel for plaintiff demanded a jury, to which defendant objected, upon the ground that the demand came too late, since the cause had been called for trial, and both sides had announced ready. The Circuit Judge overruled the defendant's exception, and granted a trial by jury. In this action we think there was error. No entry was made upon the trial docket demanding a jury, as required by the Act of 1889, nor was any demand made at all until the case had been called for trial, and both sides had announced themselves as ready." . . . "If the plaintiff was entitled to a jury at that time he could have made his demand at any stage of the trial, and the requirement of the statute that an entry must be made upon the trial docket demanding a jury would be a dead letter. It has been held by this court that the statute is imperative and must be observed. 9 Lea, 231, Railroad v. Martin, 85 Tenn., 134; 10 Lea, 351." It results that the second assignment is overruled.

This brings us to a discussion of the third and fourth assignments of error. It appears that the plaintiff owned 1384 acres of land in Hardin county, consisting of one tract of 1184 acres and a 200-acre tract. Most of this land is in small timber—pine, oak and hickory. There are three tenant houses upon the 200-acre tract of land and two tenant houses on the 1184-acre tract. The defendant, Tom Wilkerson, owns land near that of the plaintiff. The land owned by the defendant Tom Wilkerson lies south of and adjacent to a part of plaintiff's tracts. One W. E. Kelly was the agent of the plaintiff in 1926. Mr. Kelly was also deputy forest fire patrolman. On April 16, 1926, W. E. Kelly discovered and extinguished a forest fire on the land of Harbet and Scott, which tract of land belonging to Harbet and Scott is just east of the land of

the defendant and just south of the land of the plaintiff. On the following morning (April 17) Kelly went back on the premises to examine as to the fire and found that the defendants were raking leaves from around the fences of their land, and stated that they were going to set fire to the leaves they had raked from the fences on the outside for the purpose of protecting their fences from fire that might come in on them. Kelly remonstrated with the defendants, forbade them setting fire to the leaves, stating that this would cause fire to spread on plaintiff's lands, and requested the assistance of the defendants in keeping the fire off of plaintiff's land. It appears that on the same date the defendants went around their lands and set fire to leaves, and from the fire that the defendants placed in the leaves in undertaking to burn off their lands, the fire spread to the lands of the plaintiff and burned over from four to five hundred acres of plaintiff's land. Many young pine trees and some large trees on the land of plaintiff were killed. Many of the trees lived or showed some signs of life after the fire in April until September. It is shown that these small pines grow rapidly and in a few years are merchantable for cross-ties. There is proof that plaintiff's land was damaged by the destruction of his timber to the extent of $2.50 per acre. It appears from the defendant's testimony, or the testimony of Tom Wilkerson, that he had a custom of burning off his farm every spring; that he wanted to get his farm burned off and cleared of dead leaves and sage grass so that when fire was put out or started on other lands adjacent to his, his property would not be in danger.

The record shows that there was a great forest fire on the plaintiff's land, which raged for several days.

We are of opinion that there is material evidence to show the defendants were negligent in the manner in which they placed the fire on their own premises, and in refusing to help check the fire when it reached plaintiff's land, and there is proof to sustain the amount of damages adjusted by the trial court.

It results that the third and fourth assignments of error are overruled.

The fifth assignment is in regard to newly-discovered evidence as set forth in the affidavits of A. P. Rose and I. D. Johnson, which affidavits were given after the trial. These two affiants testified that they knew the general reputation of the witness Will Kendrick who had testified that he saw the defendant Tom Wilkerson distributing fire along the road running through the plaintiff's land. The defendants state in their affidavits filed on their motion for new trial that they had been diligent and that they did not know of the testimony of said Rose and Johnson until after the trial was ended.

Will Kendrick was contradicted by the defendant Tom Wilkerson. The record fails to show that this was all the evidence that the trial judge heard upon the motion for a new trial; but, conceding that all he did hear was the four affidavits, this judgment, in our opinion should not be disturbed, upon the newly-discovered evidence.

"If, from the nature of the evidence that the moving party seeks to rely upon, as disclosed by the motion and affidavit, it is apparent no purpose can be served other than the impeachment of the testimony of an adversary, or a witness of the adverse party, a new trial should not be granted, unless the testimony of the witness sought to be impeached was so important to the issue, and the evidence impeaching the witness so strong and convincing that a different result would necessarily follow." 20 R. C. L., 76, p. 294.

No new trial granted on affidavits which state facts only going to the credit of witnesses examined. Parham v. State, 10 Lea, 498 at 505.

In Parham v. State the defendant had been convicted of larceny, and sentenced to three years in the penitentiary. On his motion for a new trial a number of affidavits were presented to show newly-discovered evidence, affecting the credibility of the principal witness for the State, and yet, the court said, notwithstanding it was a criminal case where the defendant had been sentenced to the penitentiary, that such evidence was not sufficient to authorize a new trial, because "the evidence would only have gone to the credit of Holt."

Moreover, it is not a cause for a new trial that a party has been deprived of the benefit of testimony, unless it appears probable from the whole case in the bill of exceptions, that if the evidence in question had been before the jury a different verdict would have been rendered. Turnley v. Evans, 3 Humph., 222; Morgan v. Winston, 2 Swan., 472.

Where the new matter is, from its nature, such as with proper diligence the party might have had on the trial, a new trial will never be awarded in civil cases, and not even in criminal cases. Young v. Forgey, 4 Hay., 190; Long v. Granberry, 2 Tenn., Chy., 79; Burson v. Dorser, 1 Heis., 762.

This was a trial before a Circuit Judge without the intervention of a jury and we are satisfied the learned trial judge gave such weight and credit to the testimony of Will Kendrick as he saw fit and proper, and granting that Kendrick's testimony was impeached that did not, of necessity, destroy it; and, furthermore, we find material evidence to sustain the judgment without considering his testimony.

It results that the fifth assignment of error is overruled.

All of the assignments of error are overruled and disallowed. We find no error in the judgment of the lower court as it is affirmed. The plaintiff will recover of the defendants the amount of the judgment rendered in the lower court, with interest thereon, and all of the costs of the cause, for which execution will issue. Execution will issue against the defendants and surety on appeal bond for the costs of the appeal.

Heiskell and Senter, JJ., concur.