# SHELTON v. HICKMAN, Judge, et al.—172 S. W. (2d) 9.

Middle Section.   March 13, 1943.

Petition for Certiorari denied by Supreme Court, May 29, 1943.

A. V. McLane, John M. Bates, and C. H. Rutherford, all of Nashville, for plaintiff in error.

Tom Ed Murray, Louis Farrell, Jr., Joseph Martin, Robert L. Alexander, Jr., Noah W. Cooper, and Alvin O. West, all of Nashville, for defendant in error.

HICKERSON, J. This is a suit to contest the will of Lun Bolden. The jury decided the issues against the will. The Circuit Judge approved that verdict and entered judgment accordingly. Amanda Shelton, the proponent of the will, appealed in error to this Court.

Plaintiff complains in this Court that the trial court erred: (1) In refusing to sign the bill of exceptions which was tendered to him by plaintiff; (2) In refusing to charge certain special requests submitted by plaintiff; and (3) In requiring the case to be tried to a jury over the objections of plaintiff.

■ ■ It is conceded by plaintiff that the purported bill of exceptions tendered by plaintiff to the trial judge for his approval and signature was not complete. It took several days to try the case on oral testimony, but none of this testimony was incorporated in the bill of exceptions. The trial court refused to sign this incomplete bill of exceptions and this refusal is assigned as error. The assignment must be overruled. The refusal of the trial judge to sign this bill of exceptions is not error in this cause. Plaintiff's remedy was by mandamus. McCallen v. Sterling, 13 Tenn. (5 Yerg.), 223; Miller v. Koger, 28 Tenn. (9 Humph.), 231; Mallon v. Tucker Manufacturing Co., 75 Tenn. (7 Lea), 62; Collier v. City of Memphis, 4 Tenn. App. 322; Kelly v. Cannon, 22 Tenn. App. 34, 117 S. W. (2d) 760.

■ Since there is no bill of exceptions in the record in this case, the charge of the court and the special requests submitted by plaintiff are not before us for review.

They could only be preserved by a bill of exceptions. That being true this Court will presume that the charge covered the law of the case and was correct. Nighbert v. Hornsby, 100 Tenn. 82, 42 S. W. 1060; Temple v. State, 127 Tenn. 429, 155 S. W. 388; Tennessee Central R. Co. v. Vanhoy, 143 Tenn. 312, 226 S. W. 225; French v. State, 159 Tenn. 451, 19 S. W. (2d) 276; Jennings v. Riddle, 20 Tenn. App. 89, 95 S. W. (2d) 946; Sweeney v. Carter, 24 Tenn. App. 6, 137 S. W. (2d) 892.

We shall now consider the assignment that the trial court erred in requiring that this case be tried to a jury over the objections of Amanda Shelton. We quote the Code Sections which are involved, and which must be construed to determine this question:

Section 8110. "Trial by jury, verdict, etc., certified and recorded.—The issue shall be tried by a jury; and their verdict, and the judgment of the court upon the validity of the will shall be certified to the county court to be recorded together with the original will, if established."

Section 8734. "Original suits, jury demanded; when and how.—When any civil suit is originally brought in any of the courts of record, which is triable by jury, either party desiring a jury shall demand a jury in his first pleading tendering an issue triable by jury, or he shall call for the same on the first day of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury; and unless such demand is made and entry thereof on the trial docket, it shall be the duty of the court to try the case without a jury."

Section 8735. "In other cases, on first day of any trial term.—In the case of all other suits, either party desiring

a jury shall call for the same, on the first day. of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury, and unless such demand is made and entry thereof on the trial docket, it shall be the duty of the court to try the case without a jury; and if no such demand or call is made as aforesaid, and in the manner and time as aforesaid, the clerk shall place such cause on the docket to be styled the 'Nonjury Docket.' "

Section 8736. "Failure to demand a jury means what; if jury is demanded, case put on jury docket.—A failure so to demand or to call for a jury shall be held, conclusively, an agreement of the parties to submit all issues and questions of fact to the decision of the judge without a jury; and, if such demand or call is so made, the clerk shall place the cause wherein the demand or call is made, upon a docket to be styled 'Jury Docket.' "

In Ferris v. Bloom, 132 Tenn. 466, 178 S. W. 1112, the Court held that if a party to a will contest suit failed to demand a jury in the method provided by Shannon's Code, Sections 4611-4613 (Code of 1932, Sections 8734-8736) the right to the jury was waived.

The statutes upon which these Code Sections are based are careful considered and the rule stated in Sizer's Pritchard Law of Wills and Executors, Second Edition, 408, Section 366, where it is said: "Issue triable by jury, if Demanded. An issue devisavit vel non is in its nature peculiarly adapted to be tried by a jury, and the Code directs that it shall be so tried. But later statutes provide that in suits triable by jury, either party desiring a jury shall be entitled to it, provided he makes the demand within the time limited and in the manner prescribed by the acts. The act of 1875, ch. 4, sec. 1, requires

that the party desiring a jury shall demand it in his first pleading tendering an issue triable by jury. By the act of 1889, ch. 220, sec. 1, the act of 1875 is so amended as to provide that either party shall have a jury, provided he call for it on the first day of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury; and that unless such demand is made and entered on the trial docket, it shall be the duty of the court to try the case without a jury. Issues devisavit vel non are embraced by the language of the act of 1875, authorizing the demand to be made in 'the first pleading tendering an issue triable by a jury;' and a party may still demand a jury in the manner prescribed by that act. The amendatory act gives a party who has failed to make the demand in his pleading, and parties to suits appealed from justices' courts, the right to demand a jury on the first day of any trial term. The consequence is, that if a party to a contested will case demands a jury under the act of 1875, he need not renew his demand under the act of 1889; but if he fails to make the demand under the act of 1875, he is still entitled to the benefit of the act of 1889. If a jury is not demanded as provided in the statutes above referred to, then the right to trial by jury is waived and the issue is to be tried by the court without a jury."

The case of Ferris v. Bloom is cited to sustain the text.

But defendants-in-error contend that this rule has no application to the instant case: (1) Because defendants' attorneys demanded a jury in open court a few days before the first day of the term when the docket was being "sounded," and that the court sustained the motion and entered an order on the minutes of the court granting the jury, and that this was a substantial compliance

with Code Sections 8734-8736. The order which was entered on this motion appeared on the minutes of the court several days after the first day of the term; (2) Since the enactment of the Code of 1932 the reasoning of the court in the case of Ferris v. Bloom, supra, would not apply in the construction of the statutes involved in the determination of the question here presented; but to the contrary, a proper construction of the 1932 Code Sections, all of which were enacted as one Act of the Legislature, would not require the parties to a will contest suit to demand a jury as provided by Code Sections 8734-8736; and that their failure to demand a jury as provided by these Code Sections would not operate as a waiver of their right to a jury trial; and (3) That if the court did commit error in requiring the jury trial, plaintiff has failed to carry the burden in this Court of showing that such error affirmatively affected the result of the trial as required by Code Section 10654.

The first day of the trial term of the court in this cause was February 2, 1942. On February 10, 1942, the following order was entered upon the minutes of the court:

"Upon due consideration of the motion by one of the counsel for defendants; it appears that on January 24, 1942, when the Presiding Judge was making up a trial docket for the February Term of court, said counsel advised the court that the above styled case was on the Non Jury docket. He requested that it be placed upon the Jury docket as it was a contested will case and it was imperative that the issues be tried by a jury. To this request the court agreed.

"It is therefore ordered that said case be placed upon

the Jury docket and set for trial under the rules of court governing the trial and disposition of Jury cases.

"To the foregoing action of the court, the proponent excepts."

██ This method of demanding and acquiring a jury to try the case was not in compliance with the Code. The method for demanding a jury as set forth in the Code is imperative and a litigant who fails to substantially follow that method of demanding a jury conclusively waives his right to a jury. The method prescribed by the Code is that the party who desires a jury "shall demand a jury in his first pleading tendering an issue triable by jury, or he shall call for the same on the first day of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury . . ." The demand here made meets neither of these conditions. They did not demand a jury in their first pleading, and they did not call for the same on the first day of the term and have an entry made on the trial docket to that effect.

In McGuire v. North Carolina & St. L. Railroad, 95 Tenn. 707, 709, 33 S. W. 724, 725, the Court said: "The record discloses that this cause was called for trial on the first day of the March term, 1895, whereupon both sides announced ready for trial. Immediately thereafter, counsel for plaintiff demanded a jury, to which defendant objected, upon the ground that the demand came too late, since the cause had been called for trial, and both sides had announced ready. The circuit judge overruled defendant's exceptions, and granted a trial by jury. In this action, we think, there was error. No entry was made upon the trial docket demanding a jury, as required by the act of 1889; nor was any demand made at all until the case had been called for trial, and both sides had

352

announced themselves as ready. If the plaintiff was entitled to a jury at that time, he could have made his demand at any stage of the trial; and the requirement of the statute that an entry must be made upon the trial docket demanding a jury would be a dead letter. It has been held by this court that the statute is imperative, and must be observed. 9 Lea 231; [East Tennessee, V. & G.] Railroad [Co.] v. Morton; 85 Tenn. 134, 2 S. W. 381; [Nashville, C. & St. L. R. Co. v. Foster] 10 Lea 351.''

Defendants urge that the reason upon which the Supreme Court based its opinion in Ferris v. Bloom, supra, does not apply since the enactment of the Code of 1932. In that case the Court based its decision upon the grounds that the general statutes in regard to demanding juries were passed subsequent to the statute regulating the trial of will contest cases and that the Legislature must have had in mind the provisions of Section 3912 of Shannon's Code when Sections 4611-4616 were enacted by the Acts of 1875 as amended by the Acts of 1889. Following this reasoning the Court held that parties to a will contest case must demand a jury in accordance with the general statutes (Shannon's Code, Sections 4611-4616) or their right to a jury would be waived. All these Code Sections were enacted in one Bill or Act of the Legislature when the 1932 Code was adopted. Wherefore, it could not be said that one section of the Code was enacted subsequent to another section. We must, therefore, turn to the general rules of construction and rely upon them. We do so, bearing in mind that these sections of the Code of 1932 under consideration were taken from prior statutes without change.

25 R. C. L., 1075, Section 297, provides: "Construction of Re-enacted Statutes.—It is a settled rule of statutory construction that when a statute or a clause or provision thereof has been construed by the court of last resort of a state, and the same is substantially re-enacted, the legislature adopts such construction, unless the contrary is clearly shown by the language of the act, or the rules of statutory construction have been changed. This principle is applicable to statutory provisions which have been incorporated in codes after they have been judicially construed. It is not necessary that a statute should have been literally re-enacted to authorize the presumption that it was re-enacted in the light of the settled judicial construction that the prior enactment had received. The presumption has been indulged in case of a statute that applies a settled procedure to a new subject matter. The re-enactment by Congress, without change, of a statute which has previously received a long continued executive construction, is an adoption by Congress of such construction."

In Memphis and Shelby County Bar Association v. Himmelstein, 165 Tenn. 102, 103, 53 S. W. (2d) 378, the Supreme Court said: "In this cause the defendant was suspended from the practice of law and appealed to this court. A motion is made to transfer the case to the Court of Appeals, and this motion must be granted.

"Prior to the adoption of the Code of 1932, jurisdiction of appeals in such cases was clearly in the Court of Appeals, as we have often decided. In opposition to the motion to transfer, it is urged that section 9977 of the Code provides for an appeal to this court. This section was taken from chapter 42 of the Acts of 1919 . . . without change.

"On the contrary, section 10618 of the Code, taken without change from chapter 100 of the Acts of 1925, . . . provides that: 'The jurisdiction of the court of appeals . . . shall extend to all civil cases except those involving constitutional questions, the right to hold a public office, workmen's compensation, state revenue, mandamus, in the nature of quo warranto, ouster, habeas corpus, and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all the facts have been stipulated.'

"That is to say the Code includes these two acts without material change, and accordingly it must be held that the Code embodied these acts as they had been previously construed."

■ Applying this rule of construction we must conclude that Code Sections 8110, 8734-8736, embodied the former Acts from which these Code Sections were taken without change as they had been previously construed. That being true the trial court in the instant case erred in requiring a jury trial when no demand therefor had been made in the manner set forth in Code Sections 8734-8736.

There remains only one question: Does the record affirmatively show that the error of the court in requiring that the case be tried to a jury affects the result of the trial?

Code Section 10654 provides: "No reversal or new trial for errors not affecting the results of the trial.—No verdict or judgment shall be set aside or new trial granted by any appellate court, in any civil or criminal cause, on the ground of error in the charge of the judge to the jury, or on account of the improper admission or rejection of

evidence, or for error in acting on any pleading, demurrer, or indictment, or for any error in any procedure in the cause, unless in the opinion of the appellate court to which application is made, after an examination of the entire record in the cause, it shall affirmatively appear that the error complained of has affected the results of the trial.''

The Supreme Court and this Court have given effect to this Code Section in numerous reported cases. One of the most recent cases is Thomason v. Trentham, 178 Tenn. 37, 41, 154 S. W. (2d) 792, 793, 138 A. L. R. 461, wherein the Court said: ''Under the Act of 1911, probabilities and tendencies of errors in the trial below are not to be considered grounds for reversal. There must be an affirmative appearance that the error affected the result of the trial and we think this does not here appear.''

■■ The burden was on plaintiff-in-error to show affirmatively that the error which the trial court committed in requiring the case to be tried to a jury affected the result of the trial. There can be no question that plaintiff-in-error did not carry that burden in this case. The jury found against the will. The Judge, before whom the case would have been tried had there been no jury, approved the verdict of the jury and entered judgment accordingly. The verdict of the jury and the judgment thereon were based solely upon questions of fact which were shown by the testimony of the witnesses in the case. The evidence was not preserved by bill of exceptions and is not before us. So far as we know there was not one word of testimony contrary of the verdict of the jury and the judgment of the court. It must be conclusively presumed in this Court, in the absence of a bill of exceptions, that the verdict of the jury and the judgment of the trial

court based thereon were supported by the evidence. Waterhouse v. Sterchi Bros. Furniture Co., 139 Tenn. 117, 201 S. W. 150; Dodd & Son v. Nashville, C. & St. L. R. Co., 120 Tenn. 440, 110 S. W. 588.

We hold, therefore, that the trial court did not commit reversible error and the judgment of that court is affirmed with costs

Felts, J., concurs.

Howell, J., did not participate.