GOSCZINSKI, Respondent, vs. CARLSON, Appellant.

*May 22—June 17, 1914.*

*Sheriffs: Shooting to prevent escape of prisoner: When justified: Assault: Liability: Damages: Inadequacy.*

1. Neither at common law nor under sec. 4366, Stats., is an officer justified in shooting at a person who, having been arrested on a civil warrant, is attempting to escape from his custody.
2. Where an officer, under those circumstances, discharged his revolver in such a direction that the person attempting to escape was hit, he did so at his peril and, even though he did not intend to shoot such person, his act constituted an assault and rendered him liable for the injuries resulting from the shot.
3. A verdict awarding $70 as damages for an assault by shooting was properly set aside in this case on the ground that the amount awarded was inadequate.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This is an action by the plaintiff to recover damages for an alleged unlawful and wilful assault by the defendant upon the plaintiff without excuse or justification. The plaintiff claims that he was seriously injured by a shot in his back from a revolver discharged by the defendant, to his damage in the sum of $2,500. The defendant answered alleging that at the time of the alleged assault and shooting he was the undersheriff of Douglas county, and that on August 29, 1911, a summons, complaint, affidavit, undertaking, and order of arrest in a civil action wherein the plaintiff was defendant were delivered to the sheriff of Douglas county and that he was directed by the sheriff to execute the process and arrest the plaintiff. It is further alleged that the defendant on August 30, 1911, arrested the plaintiff and took him into custody by virtue of such warrant and undertook to convey him to the county jail; that the plaintiff wrongfully resisted the defendant in the execution of such court process and by

physical violence attempted to escape from the defendant's custody; that the defendant endeavored to prevent the plaintiff from escaping and make him submit to the defendant's authority and custody by discharging his revolver without any intent to shoot or injure him; that he with due care discharged the revolver in a direction calculated not to hit, wound, or injure the plaintiff, but only to frighten him into submission and prevent his escape.

It appeared at the trial that after the defendant had arrested the plaintiff under the process in his hands and while he was conveying him to the county jail, when informed that he would have to remain in jail for several months unless he gave a bond in the sum of $600 for his release, the plaintiff started to run and attempted to escape from the defendant's custody, and that the defendant discharged his revolver twice with the intent to frighten the plaintiff into submission and to regain custody of him; that the second shot hit the plaintiff, penetrating his shoulder, and passed into vital parts of his body; that the plaintiff thereafter traveled a short distance, when he was retaken into the defendant's custody, who procured a doctor and took the plaintiff in a conveyance to a hospital, where he received treatment and hospital care for about three and one-half months. The plaintiff also testified that he was unable to perform any labor until May, 1912, when he did dishwashing in a hotel and other light work for a period of about four months, when he engaged in labor at ore docks and driving teams up to the time of trial. The court held as a matter of law that the defendant did not intend to shoot and injure the plaintiff at the time he discharged his revolver; that he was liable to the plaintiff for compensatory damages, and submitted the assessment of the amount of damages to the jury, and the jury returned a verdict awarding the plaintiff $70 damages.

The plaintiff moved to set aside the verdict upon the grounds that the verdict was perverse and that the damages

awarded were inadequate. The court ordered the verdict to be set aside upon the ground that the damages awarded were inadequate, and granted a new trial upon the condition that the defendant have an option to elect, within thirty days thereafter, to allow judgment to be entered against him for the sum of $250 and costs, and in case the defendant so elected the motion for a new trial was to stand denied. This is an appeal from such order.

For the appellant there was a brief by *W. P. Crawford,* and oral argument by *H. G. Pickering.*

For the respondent there was a brief by *Grace, Hudnall & Fridley,* and oral argument by *George B. Hudnall.*

Siebecker, J. The defendant contends that the court erred in granting the plaintiff's motion for a new trial for inadequacy of the damages awarded the plaintiff by the jury. The argument is made by the defendant that the award of $70 damages is satisfactory to the defendant and should not be disturbed, because under the evidence as shown by the record on this appeal the plaintiff was not legally entitled to recover any damages, and hence the verdict awarding the plaintiff $70 damages should not be disturbed on the plaintiff's request and against the defendant's protest. Assuming the verdict as one in defendant's favor, did the court err in ordering a new trial? The claim is made that since the court held as a matter of law that defendant, in discharging his revolver under the circumstances shown by the evidence, entertained no purpose to shoot the plaintiff or inflict on him any personal injury, there is no liability for the accidental injury resulting to the plaintiff from the shooting. This claim is based on the ground that the defendant was justified in doing what he did in the execution of the legal process in his hands and in retaking the plaintiff into his custody after he escaped from the defendant while conducting him to the county jail pursuant to the warrant of arrest under which

he was acting. Defendant's counsel relies on the provisions of sec. 4366, Stats. From the context of the provisions of this statute it is manifest that they are intended to apply only to justifiable homicides when necessarily committed by public officers in obedience to any judgment of a competent court, in cases of actual resistance to the execution of legal process, or discharge of any other legal duty, or the retaking of felons or arresting them when fleeing from justice. The statute must be interpreted in the light of its contents and the acts to which it was clearly intended to apply. It is apparent that a public officer cannot justify the use of means dangerous to human life unless the law imposed it as a *necessity* in the execution of legal process. The statute is declaratory of what had been established as a rule at common law as to justifiable conduct of public officers in the execution of legal process. Under the rules of the common law officers were not justified in shooting persons attempting to escape from their custody in case of arrests for a misdemeanor or under civil warrants, for the purpose of compelling submission to their authority and retaking them into custody. In *U. S. v. Clark,* 31 Fed. 710, Mr. Justice BROWN declared the common-law rule on the subject in the following language:

"The general rule is well settled, by elementary writers upon criminal law, that an officer having custody of a person charged with felony may take his life, if it becomes absolutely necessary to do so to prevent his escape; but he may not do this if he be charged simply with a misdemeanor; the theory of the law being that it is better that a misdemeanant escape than that human life be taken."

In the case of *Thomas v. Kinkead,* 55 Ark. 502, 18 S. W. 854, the court entered upon an elaborate discussion and extensive examination of the subject in an action wherein the defendant was sued for damages for an unjustifiable shooting and killing of a person charged with the commission of a misdemeanor to prevent his resistance to and escape from arrest.

After a thorough review of the adjudications and the text-writers the court states the rule of the common law to be:

"In making the arrest or preventing the escape the officer may exert such physical force as is necessary on the one hand to effect the arrest by overcoming the resistance he encounters, or on the other to subdue the efforts of the prisoner to escape; but he cannot in either case take the life of the accused, or even inflict upon him a great bodily harm, except to save his own life or to prevent a like harm to himself."

The same rule was applied in *State v. Sigman,* 106 N. C. 728, 11 S. E. 520, where the officer was held criminally liable for an assault with a deadly weapon, for discharging a pistol at a person arrested for a misdemeanor who had escaped and was fleeing to avoid being retaken. The general rule is that shooting at a person in an endeavor to arrest or retake a person who has escaped from arrest for a misdemeanor is excessive force constituting an assault. The following cases and the cases therein cited support this rule: *Brown v. Weaver,* 76 Miss. 7, 23 South. 388, 42 L. R. A. 423; *Reneau v. State,* 2 Lea, 720; *Clements v. State,* 50 Ala. 117; *Sossamon v. Cruse,* 133 N. C. 470, 45 S. E. 757.

Reason and authority make this rule applicable in cases of the execution of civil warrants for the arrest of persons. We are of the opinion that sec. 4366, Stats., does not abrogate this common-law rule on the subject here under consideration. We conclude that the trial court properly held that when the defendant discharged his revolver in a direction so as to hit the plaintiff he did so at his peril; that under the circumstances it was not justifiable and constituted an assault, and hence he is liable in damages to the plaintiff for the injuries resulting from the shot. Under this view it was proper for the trial court to award a new trial on the ground that the amount awarded is inadequate. The record is silent as to the defendant's election to permit judgment to be entered against him for the amount fixed by the court and no question

is raised respecting the action of the trial court in this respect. The record presents no other material question that need be considered on this appeal from the order granting a new trial in the action.

*By the Court.*—The order appealed from is affirmed, and the cause remanded for further proceedings according to law.