BROWN v. WYMAN.

ASSAULT AND BATTERY—DAMAGES—SHERIFFS—INADEQUATE VERDICT REQUIRES REVERSAL.

In an action against a sheriff for damages for assault and battery and false imprisonment, where the record discloses that defendant committed an unprovoked and brutal assault upon plaintiff, who had not been informed of any

On liability of sheriffs for manner of making arrests, see notes in 51 L. R. A. 214; 42 L. R. A. (N. S.) 69; L. R. A. 1915B, 505; 18 A. L. R. 197.

On inadequacy of damages as ground for setting aside a verdict, see notes in 47 L. R. A. 33; 39 L. R. A. (N. S.) 487.

As to what information an accused person is entitled to at the time of his arrest, see note in 42 L. R. A. 673.

charge against him, and who was not resisting arrest, a verdict for six cents is so palpably inadequate as to require reversal of the judgment entered thereon and the granting of a new trial.

Error to Cass; Des Voignes (L. Burget), J.    Submitted June 6, 1923.    (Docket No. 34.)    Decided October 1, 1923.

Case by Clair L. Brown against Sherman P. Wyman, sheriff of Cass county, and another for assault and battery and false imprisonment.    Judgment for plaintiff for less than amount claimed.    He brings error.    Reversed.

*Gore & Harvey* (*Clarence M. Lyle*, of counsel), for appellant.

*Thomas J. Cavanaugh* (*Asa K. Hayden*, of counsel), for appellees.

WIEST, C. J.    This suit was brought against the sheriff of Cass county, and the surety on his official bond, to recover damages for assault and battery and false imprisonment.    Throughout the course of this opinion when we speak of the defendant we mean Sherman P. Wyman.    The jury found defendant guilty and awarded plaintiff six cents damages.    Not content with such award plaintiff moved for a new trial and, upon denial of his motion, brought the case here on writ of error and insists the award is so ridiculously inadequate as to evidence good cause for a new trial.    It is true that in actions of the nature here involved the jury is given no yardstick with which to measure damages, but it is equally true that the measure applied must comport with just compensation for injury done.    We shall be careful not to invade the province of the jury and equally careful to prevent a farcical verdict determining rights of the parties.

The verdict rendered is so palpably inadequate in a compensatory sense for the assault and battery found committed by defendant, to say nothing about the false imprisonment, as to imperatively demand a new trial.

One evening an intoxicated man, hatless and out of breath, with a lump upon his forehead and scratches and blood upon his face, appeared at the jail office in Cassopolis, and informed defendant that he had been over to South Bend in an automobile with plaintiff and another man, where plaintiff had procured a bottle of whisky of which they all partook and became intoxicated, and, on the way home, plaintiff was too drunk to drive and while he was seated on plaintiff's lap plaintiff assaulted him by striking him with the bottle and scratching his face and he wanted the sheriff to go and get him. With handcuffs in his pocket and accompanied by a deputy the sheriff started out to find plaintiff and located him in a pool room where there were probably 50 other men. The deputy went into the pool room and found plaintiff seated in a chair and told him the sheriff wanted to see him. Plaintiff declined to accede to the request. Thereupon the sheriff went in and the following occurred, according to the testimony of the defendant:

"I first motioned to Brown and said, 'Come on, I want to talk with you,' and I started away, and supposed he was going to follow me. I turned around and he was still sitting in the same place. I went back and said, 'Come on, I want to talk with you.' He made no move toward coming so I took hold of his left arm and pulled him out of his chair and as I pulled him out, he took a swing at me. I dodged and missed the blow, and my hat fell off. He repeated it and the blow hit me on the shoulder. I had him by the collar and set him in the chair and put my handcuff on his right hand and tried to put the left one on the other. * * *

"He held the other hand up. I held the handcuff open and told him to put his hand in. He wouldn't

do it but still held his hand up.   I took my billy out of my pocket and slapped him in the face and told him to put his hand in there.   He still held his hand up. I slapped him again.   Every time I slapped him I told him to put his hand in.   I think I hit him three times.   Then Mr. Jones spoke up and said, 'Don't hit him any more, Mr. Wyman.   He is drunk and don't know what he is doing.   I will help you take him down.'   I took the handcuff off.   When Jones spoke up he put his hand down in the other cuff.   Then I unlocked the other cuff and took him by the arm and we walked out."

The office of sheriff carries with it no command to citizens to jump at the crook of his finger.   Plaintiff had a right to be informed of the nature of the errand of the sheriff and of the accusation, if any, against him. When the defendant struck plaintiff in the face with the "billy" or "black jack" it was not to overcome resistance but to force plaintiff to lower his hand so that he might be handcuffed.   Up to this point plaintiff was not informed of any charge against him and had not been arrested.   The force employed by the sheriff and method adopted were brutal and wholly uncalled for by the circumstances, and must have been so found, for the jury cast defendant.   To fix plaintiff's compensation for such assault and outrage at two cents per lick in the face with a "black jack" is so monstrous as to shock one concerned in the orderly administration of justice.   Conceding the right of the sheriff, in a proper case, to overcome the resistance of one seeking to avoid arrest, we find no circumstances justifying the sheriff in striking plaintiff in the face while he was seated in the chair and merely declining to bring his hands together to meet the handcuffs without being informed of the nature of any charge against him.   With the room filled with men, subject to the call of the sheriff, and with a deputy present and the sheriff himself testifying that he was capable of managing the plaintiff, the assault upon the

plaintiff and the battery by use of the "billy" was wholly uncalled for and must be branded as a vicious exercise of brutality in no sense palliated by the official character of defendant, and it would be a farce to say that six cents damages is compensatory for such an assault and battery. Of course, we do not know the view the jury accepted of the claim of the plaintiff, that the blows of the "billy" loosened some of his front teeth, cut his face, and caused him pain and suffering, nor do we have to go into this to stamp the award as wholly inadequate. This verdict cannot stand. Upon the subject see *Bacot* v. *Keith*, 2 Bay (S. C.), 466; *Lerner* v. *Cohen*, 116 N. Y. Supp. 567.

The common-law rule considered the verdict as final upon the question of compensation in actions of tort, and refused to consider the inadequacy of the allowance.

"But this rule has been relaxed, and it is now held both in England and in courts of the United States that no reason can be given for setting aside verdicts because of excessive damages, which does not apply to setting them aside for inadequacy of damages." *Leavitt* v. *Dow*, 105 Me. 50 (72 Atl. 735, 17 Ann. Cas. 1072, 134 Am. St. Rep. 534).

The judgment is reversed and a new trial ordered, with costs to plaintiff.

Fellows, McDonald, Clark, Bird, Sharpe, Moore, and Steere, JJ., concurred.