C. W. HUMAN AND JEFF HUMAN *v.* FRANKLIN GOODMAN.

(*Nashville.* December Term, 1928.)

Opinion filed May 27, 1929.

J. W. Stone, for plaintiff in error.

Davis & Davis, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

C. W. Human, Sheriff of Morgan County, and his deputies, found defendant in error and others at a still. Defendant in error fled and Deputy Sheriff Jeff Human, unable to overtake the fugitive misdemeanant, shot him. Defendant in error charged unlawful shooting and sued for damages. The jury mulcted Jeff Human and assessed damages of $150 against him. Motion for a new trial was overruled and upon appeal the judgment was affirmed by the Court of Appeals. The cause is here upon *certiorari* to review the action of the Court of Appeals.

It was insisted by plaintiff in the trial court that Jeff Human shot him with a .45 caliber pistol while he was

fleeing. The defendant insisted that Goodman committed an overt act by turning in a threatening manner with hand in bosom as if to draw a weapon and that shots were fired in self-defense.

We have examined the record and find that it contains material evidence to sustain the verdict. It appears that the shooting was not in self-defense but was done while Goodman was in flight with his back to the officer. The bullet from the pistol fired by Human entered Goodman's leg from the rear.

The trial judge charged that if the shot was fired in self-defense, the officer would not be liable, and varying a request of the defendant for additional instructions, charged that if Human honestly believed he was drawing a pistol, the officer had a right to shoot and would not be liable. There is no error in the charge and assignments of error accompanying the petition for *certiorari* are without merit.

An officer has no absolute right to kill, either to take a prisoner, or prevent his escape, even in felonies, unless reasonably necessary to prevent escape; and whether or not there is a reasonable necessity for an officer to shoot a felon in flight, and the reasonableness of the grounds on which the officer acted, are questions for the jury. *Love* v. *Bass,* 145 Tenn., 529-30.

There is a marked distinction between the right of an officer to use force as related to felonies and misdemeanors. The circumstances under which they may use force or shoot to arrest the flight of a felon are indicated in our case of *Reneau* v. *State,* 2 Lea, 720, and *Love* v. *Bass, supra.*

Except in self-defense, an officer cannot resort to the extremity of killing, or shedding blood, in arresting or

in preventing the escape of one charged with an offense less than felony, even though the offender cannot be taken otherwise. 5 C. J., 426.

The law-making power has not imposed the death penalty for contravention or misdemeanor, and it cannot be assumed by arresting officers that the power of life or death over persons accused or suspected of misdemeanor has been extended to them; and they have no right to sacrifice human life or to shed blood to prevent the escape of petty offenders. *State* v. *McClure,* 166 N. C., 321; *State* v. *Cunningham,* 51 L. R. A. (N. S.), 1179.

The distinction between right of officers to use force in arresting for felony and misdemeanor here emphasized was not clearly drawn in the opinion of the Court of Appeals.

For the foregoing reasons, we concur in the result and the writ is denied.