JENNINGS v. RIDDLE.—95 S. W. (2d) 946.

Eastern Section. November 2, 1935.

Petition for Certiorari denied by Supreme Court, April 4, 1936.

Dennis Erwin and Fred D. Booth, both of Erwin, for plaintiff in error.

D. M. Guinn and Thomas E. Mitchell, both of Johnson City, and De Witt Tucker, of Erwin, for defendant in error.

PORTRUM, J. The plaintiff below, Oscar Riddle, a nineteen year old boy suing by his next friend, recovered a judgment of $1,500 against the defendant, O. M. Jennings, a deputy sheriff, who in an attempt to arrest him on a charge of drunkenness and the operation of an automobile upon the highways while drunk, followed him into the state of North Carolina and having overtaken the plaintiff and his party attempted to arrest the party of four men when the plaintiff jumped out of the car and attempted to run away, and the defendant, Jennings, shot him above the ankle in the rear of his leg.

Conceding the facts leading up to the arrest as stated by the defendant, and that the defendant and his party as officers were chasing to overcome and suppress drunken, reckless drivers upon the highway, nevertheless these facts do not alter the rights and duties of the parties at the time of an arrest. We will concede under the laws of North Carolina that these officers had a right to make the arrest as private citizens, for a misdemeanor committed in their presence in the state of North Carolina, and in attempting to make the arrest they were acting within the statutory provisions authorizing an arrest by private persons of that state. It only becomes a question then of how much force a private person is permitted to use to restrain a misdemeanant who is attempting to flee and avoid arrest, unless the shooting was accidental and is not attributable to a negligent accidental discharge.

The defendant officer and his three companion officers who were attempting to arrest the occupants of this car testified that the gun was accidentally discharged, and that it was caused by the plaintiff jumping out of the car so near to and upon the defendant as to startle him and cause the pistol to discharge. The defendant says that he had the pistol in his left hand and was attempting to place handcuffs upon two of the occupants of the car who were in his custody and that the plaintiff jumped out of the car and brushed or struck against him when he turned around and the pistol was unintentionally discharged striking the plaintiff a few inches above the ankle. This version of the affair was not accepted by the jury. And it is said that the plaintiff's witnesses were all drunk at the time, whereas the officers were sober and men of good character and as a matter of public policy the court should not permit the discrediting of officers of this character and the acceptance of

drunken misdemeanants under such circumstances. We are cited to no authority justifying such position on the grounds of public policy; jurors are better able to determine the facts of the case and it is their right to determine the facts under the Constitution; if the jury at times makes a mistake, it is no more than the court does at times. And the plaintiff's evidence seems to be corroborated by some of the physical facts, for the plaintiff was shot in the rear when he said he was running away. There were enough officers there to handle these young men, if they were in the state of intoxication indicated by the defendant's testimony, and it was not necessary to display firearms in an attempt to handcuff two men with one hand while holding a loaded pistol in another. If a pistol was necessary as a deterrent, one of the officers could have held the pistol and the other three could have done the handcuffing, and had this course been followed there would have been no danger of an accident. The defendant was in high temper as indicated by his remarks when he accosted them, for he said: "Consider yourself under arrest, every damn one of you." There is evidence tending to show that the defendant was negligent in the handling of his gun, even though the shooting were accidental. But we think the jury concluded that the shooting was not accidental, and there is evidence to support this conclusion.

The plaintiff testified that he jumped out of the car and started to run away when he was shot in the rear of his leg, when he stopped. He is supported in his position by his companion. The jury concluded that this is the fact of the case, and the court is of the opinion that the jury, in all probability, was correct in its conclusion.

 Under the laws of North Carolina, as proven in the record, a private citizen can arrest for a breach of the peace committed in his presence, but to accomplish the arrest he cannot use force endangering life or causing the shedding of blood for such insignificant offenses. All the more so, if he apprehends a felon, he cannot shed blood unless it is the only way of preventing the criminal's ultimate escape. And this rule has application to the major felonies, for the courts have said in the case of minor felonies, the opportunity to ultimately arrest the felon outweighs the immediate right to shoot. This is the settled rule of law of North Carolina as proven in this record, and the defendant had no right to shoot the plaintiff in making the arrest for a misdemeanor. State v. Bryant, 65 N. C., 327; Holloway v. Moser, 193 N. C., 185, 136 S. E., 375, 50 A. L. R. 262; Annotated Code N. C. 1931, section 2621 and subsections thereunder.

 Under the laws of this state, a private person is not justified in shooting a misdemeanant in an attempt to make an arrest for

an offense committed in his presence. State ex rel. v. National Surety Co., 162 Tenn., 547, 39 S. W. (2d), 581; Human v. Goodman, 159 Tenn., 241, 18 S. W. (2d), 381.

We find that there is evidence to support the verdict and the assignment of error is overruled.

■ An assignment complaining at the refusal of the circuit judge to give a special request is not open to review here for the reason that the special request is not made a part of the bill of exceptions.

■ ■ Other assignments attacking the charge of the court are not meritorious and we need refer to one only. The plaintiff was a minor nineteen years of age, working for the Southern Pottery Company at Erwin, at $50 per month. After his injury, he was placed in the hospital for a month or six weeks at large expense, and underwent two surgical operations. The trial judge charged the jury in reference to plaintiff's damage that it might take into consideration his loss of time and his hospital and medical expenses. But the pleading does not seek a recovery for these items and there was no proof given as to the amount charged for the hospital expenses or the surgical fee. It is probable from this record that the plaintiff paid or agreed to pay these fees in person, and the fact that he was regularly employed and being of his age would indicate that he had been emancipated, and if this were true, he would be entitled to recover these expenses. But in view of the fact that there was no proof of the medical expense, it is not probable that the jury took this item into consideration in fixing the verdict, though it may have. It is said that this charge was erroneous, for the reason that these expenses were obligations of the father and not of the minor, and the father is not a party to the suit. And in support of this position the case of Burke v. Ellis, 105 Tenn., 702, 709, 58 S. W., 855, is cited. This case does hold it erroneous for the trial judge to permit a recovery on behalf of the minor for obligations due from the father, and the case was reversed and remanded. In the instant case, assuming that the court was in error in his charge in this particular and the jury estimated these expenses in fixing its verdict of $2,500, thereafter the trial court reduced this verdict to $1,500 and we think he did so for the purpose of correcting his error. How this may be, we are of the opinion that the extent of the injury sustained by the plaintiff well warranted a recovery of $1,500 excluding the item for medical expense or for the loss of two years' earnings which would go to the father under the theory that the father is entitled to the earnings of the minor children. In view of this conclusion, it does not affirmatively appear that there was prejudicial error affecting the result. It follows that the judgment of the lower court is affirmed with costs.

Ailor and McAmis, JJ., concur.