JOHNSON *v.* STATE.

(*Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

C. L. CUMMINGS, of Murfreesboro, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

Plaintiff in error, Joe Johnson, hereinafter referred to as defendant, was indicted for assault to commit murder in the first degree upon the person of Walter Beavers. Upon his trial he was convicted of simple assault, and his punishment fixed at a fine of $150.

Defendant has appealed to this court and assigned errors.

By the first assignment it is asserted that there is no evidence to support the verdict, and that the evidence preponderates in favor of the innocence of defendant.

The record discloses that on August 14, 1937, the defendant, together with L. J. Hazzard and one Piper, all State Game Wardens, discovered the prosecutor, Walter Beavers, along with some other persons, engaged in seining for fish in Stone river, in Rutherford county, in violation of the Game and Fish Laws of the State. Code 1932, section 5122 et seq., as amended. All of these parties submitted to arrest, except the prosecutor, who attempted to escape.

Defendant, in an effort to stop the prosecutor and prevent his escape, fired his revolver three times. The prosecutor testified that the first shot was fired straight up in the air; that the second shot hit in the water 10 or 12 feet in front of him, while he was on the bank of the river; that he then jumped in the river and lay down with only his head remaining out of the water; and that the defendant then shot a third time, the bullet striking within a foot of his head. The witness Seward testified that defendant fired three times, and that he shot at the prosecutor; the last shot striking right at the prosecutor, somewhat to his side.

Defendant admits the firing of the shots, but says he did not aim at the prosecutor and had no intention of

killing him, but shot because the prosecutor ran and he was afraid that he was going to get away. Defendant testified: "I was afraid he was going to get away and I shot merely to scare him and so that he would stop." He says that he did not aim at the prosecutor, but shot across the river into a big sycamore tree.

The witness Hazzard testified: "The others, with the exception of the prosecutor Beavers, peaceably submitted to arrest. Mr. Beavers, the prosecutor, turned and was running away with the seine when Johnson fired. I hollered to Beavers to come back with the seine and told Johnson not to be shooting. Johnson did not shoot in the direction of Beavers. I told Johnson not to be shooting but to go on and get him. I didn't think shooting was at all necessary."

On cross-examination Hazzard said: "I dont know why he (Beavers) got back in the river."

Officer Piper testified: "I was upon the bluff and did not see any of the shooting."

■ Both the prosecutor and Seward testify that defendant shot very near the prosecutor, while defendant and Hazzard say that he did not shoot in the direction of the prosecutor. A question of fact was presented for the decision of the jury. They chose to accredit the prosecutor's version of the case and to reject that of defendant. The verdict is supported by material evidence, and it cannot be held that the evidence preponderates in favor of the innocence of defendant.

■ It is insisted by defendant that section 11539 of the Code authorizes the use of firearms and justified him in shooting to prevent the prosecutor from escaping. The section referred to is as follows:

"If, after notice of the intention to arrest the defend-

ant, he either flee or forcibly resist, the officer may use all the necessary means to effect the arrest."

This section was contained in the Code of 1858, section 5040. While this statute has been in existence, there have been a number of cases decided by this court treating of the right of an officer with reference to the arrest of misdemeanants. In *Reneau* v. *State*, 70 Tenn. (2 Lea), 720, 31 Am. Rep., 626, it was first held that an officer might not kill one fleeing from arrest for a misdemeanor, although he could not be taken otherwise. In *Human* v. *Goodman*, 159 Tenn., 241, 18 S. W. (2d), 381, the court pointed out that there is a marked difference between the right of an officer to use force as related to felonies and misdemeanors. It was there said:

"Except in self-defense, an officer cannot resort to the extremity of killing, or shedding blood, in arresting or in preventing the escape of one charged with an offense less than felony, even though the offender cannot be taken otherwise. 5 C. J., 426."

The portion of the charge complained of by the second assignment of error, is, we think, without error.

All of the assignments of error must be overruled and the judgment of the trial court affirmed.