## GREAT ATLANTIC & PACIFIC TEA CO. v. JONES.
### No. 5956.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1949.

Decided Oct. 10, 1949.

J. E. Belser, Jr., Columbia, S.C., for appellant.

Henry H. Edens, Columbia, S.C. (Henry Hammer, Columbia, S.C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This appeal is taken from a judgment of the District Court in a case tried without a jury wherein the District Judge found that injuries suffered by the plaintiff in the defendant's store were caused

by the carelessness of one of its employees. Under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the findings of the District Judge in such a suit may not be set aside unless clearly erroneous.

 In our opinion, the conclusion reached by the District Judge was clearly correct. He made in effect the following findings of fact which were fully supported by the evidence. On the occasion of the accident the plaintiff, an elderly woman, was a customer in the store when an employee in the course of his work pushed a truck, mounted on four small wheels and loaded with three cases of oil each weighing twenty-five pounds, to a point near the plaintiff and behind her and slightly to her right. The employee then without observing the plaintiff started to unload the truck and in doing so one of the cases was dislodged and fell upon the plaintiff's ankle causing painful and serious injuries. From these findings the Judge reached the inevitable conclusion that the injuries were due to the failure of the employee to use due care.

The plaintiff had no warning before she was struck and the employee was unable to explain how the case fell upon her ankle. The defendant therefore contends that the plaintiff's cause must fail because the courts of South Carolina do not recognize the doctrine of res ipsa loquitur. Gilland v. Peter's Dry Cleaning Co., 195 S.C. 417, 11 S.E.2d 857. It is plain, however, that there is no need for the plaintiff to rely on this doctrine in this case because the evidence clearly shows that the accident was caused by the action of the employee in unloading the truck, and that the fall of the heavy case must have been due to his negligence.

 At the conclusion of the testimony the judge permitted the plaintiff, over the objection of the defendant, to amend her complaint to show that she was injured not by being run into by the truck, as alleged in the original complaint, but by the fall of the case during the process of unloading the truck, as shown by the testimony of the defendant's employee. This ruling of the court was clearly in harmony with

Rule 15(a) of the Federal Rules of Civil Procedure which provide that leave to amend shall be freely given when justice so requires. The defendant was not taken by surprise by the amendment for the new matter was furnished by its own witness.

The judgment of the District Court is Affirmed.