**STEPP   v.   UNITED STATES.**
**No. 6617.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 16, 1953.

Decided Nov. 9, 1953.

Louis B. Fine and Howard I. Legum, Norfolk, Va., for appellant.

Alan S. Rosenthal, Washington, D. C., Attorney, Department of Justice (Warren E. Burger, Asst. Atty. Gen., L. S. Parsons, Jr., U. S. Atty., Austin E. Owen, Sp. Asst. to U. S. Atty., Norfolk, Va., and Paul A. Sweeney, Attorney, Department of Justice, Washington, D. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Virginia dismissing for lack of jurisdiction a civil action instituted against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The lower court held that the action was barred by the provisions of 28 U.S.C. § 2680(h), which provides in part: "The provisions of this chapter and section 1346(b) of this title shall not apply to * * * (h) Any claim arising out of assault, battery * * *." The action was instituted by William V. Stepp, Sr., as Administrator for his deceased son, William V. Stepp, Jr.

On June 4, 1948, the deceased was a civilian seaman serving on an L.S.T. operated by the Army Transport Service. On that date his ship was docked at Anchorage, Alaska, and deceased had gone ashore. About two A.M. Stepp approached the entrance to the dock for the purpose of going abroad his ship. This entrance was guarded by a check point which consisted of a sentry shack with a guard on duty. When Stepp approached this check point, he was met by Private Cotham who was the guard on duty.

Cotham had been instructed to let none of the members of a ship's crew go upon the dock carrying intoxicating beverages. On the night in question he had been given special orders to be on the alert for seamen approaching the dock with whiskey. Stepp had a package in his hand as he approached the guard hut but, upon being questioned, told Cotham it contained laundry. Cotham told Stepp that it would be necessary to investigate the package and to see Stepp's identification papers.

At this point, the phone in the guard shack rang and Cotham answered it. While so engaged, he looked out and saw Stepp running towards the dock. Cotham immediately gave chase, calling upon Stepp on three occasions to halt. When Cotham had closed the gap separating the two from 300 to 45 feet, he drew his gun and fired two shots into the ground, again calling upon Stepp to halt. Stepp still continued to run and Cotham thereupon aimed his gun at Stepp and fired two shots, both of which hit Stepp, resulting in his almost instantaneous death. Cotham carried a night stick with him in addition to his gun.

The case came on for trial on February 5, 1953. The only evidence introduced at the hearing was the deposition of Donald Cotham, taken on behalf of the United States. On the day after the hearing but before judgment, the United States was allowed to file an amended answer. This amended answer contested the jurisdiction of the court under Section 2680(h), Title 28, U.S.C. on the ground that the deceased's claim was one arising out of assault and battery. The District Court found that Private Cotham aimed and fired at Stepp with the intention of hitting him; that this amounted to assault and battery, since it

involved the use of excessive force in making an arrest under the existing circumstances; and that the action was therefore barred by Section 2680(h) of the Federal Tort Claims Act.

Two questions are presented by this appeal: (1) Whether the trial court erred in holding the act of Private Cotham to be an assault and battery rather than mere negligence; and (2) Whether the trial court abused its discretion in allowing the amended answer to be filed on the day after the hearing of the case.

Appellant relies heavily upon Cerri v. United States, D.C.N.D.Cal.S.D., 80 F. Supp. 831, to sustain his contention that Cotham's act was negligence rather than assault and battery. In that case an innocent bystander was injured as a result of a shot fired by a soldier on guard duty while attempting to halt a civilian under arrest. Without giving our approval to that decision, in which consideration seems not to have been given the doctrine of transferred intent in assault and battery, A.L.I. Restatement of Torts Sec. 20(2), or that the crime of assault and battery is committed by negligently firing in a crowd, we note the distinction that in that case there was no intention of hitting anyone where as here the District Judge found that Cotham fired at Stepp for the purpose of hitting him. In United States v. Folk, 4 Cir., 199 F.2d 889, in which we found lack of negligence in the discharge of a pistol resulting in death, we noted the difficulty that would be presented by a case in which there was liability for assault and battery based upon negligence and called attention to the decision of the Third Circuit in Lewis v. United States, 3 Cir., 194 F.2d 689, which is in point here. There, a Marine sentry intentionally shot a civilian who was attempting to leave a supply depot after having been told to wait. The civilian's suit, brought on the theory of negligence, was held to be barred by Section 2680(h). This was affirmed by the Third Circuit on the theory that such an intentional use of excessive force in making an arrest was an assault and battery within the meaning of Section 2680(h).

■ Appellant also contends that, under Alaska law, this was an "assault with dangerous weapon" rather than an assault and battery, since Alaska law defines an assault and battery as an act committed by one "not being armed with dangerous weapon". See Alaska Compiled Laws Annotated, 1949, Vol. 3, Title 65, Ch. 4, §§ 22 and 23. We think, however, that where the United States excepts itself from certain liabilities, as in Section 2680 of the Federal Tort Claims Act, such exceptions must be interpreted under the general law rather than under some peculiar interpretation of a State or Territory. Stated differently, we do not think that a State may circumvent this intended exception to Government liability by merely abolishing the crime commonly known as an assault and battery and entitling such acts, instead, as a "hurting." Even under the law of Alaska, there was here an "assault with a dangerous weapon," which is only one species under the genus, assault.

■ It is well established that an intentional use of excessive force in making an arrest amounts to an assault and battery. See, e.g., Boyes v. Evans, 14 Cal.App.2d 472, 58 P.2d 922; Grau v. Forge, 183 Ky. 521, 209 S.W. 369, 3 A. L.R. 642; Stoehr v. Payne, 132 La. 213, 61 So. 206, 44 L.R.A.,N.S., 604; Brown v. Wyman, 224 Mich. 360, 195 N.W. 52; Sossamon v. Cruse, 133 N.C. 470, 45 S.E. 757; Jennings v. Riddle, 20 Tenn.App. 89, 95 S.W.2d 946; Davidson v. Aliam, 143 Va. 367, 130 S.E. 245; Gosczinski v. Carlson, 157 Wis. 551, 147 N.W. 1018. There was sufficient evidence to support the District Court's finding that Cotham intended to hit Stepp and that this shooting constituted the use of excessive force under the circumstances. The District Court did not err in holding this to be an assault and battery and, as such, barred by Section 2680(h), Title 28, U.S.C.

■ The second question likewise presents little difficulty. Rule 15 of the Fed-

**912**

eral Rules of Civil Procedure, 28 U.S.C., provides that it is within the discretion of the trial judge to allow such an amendment. In subdivision (a) of Rule 15 it is provided that leave to amend a pleading, after the expiration of the period during which the amendment is a matter of right, "shall be freely given when justice so requires." And subdivision (b) of the Rule stipulates that such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise issues not raised by the original pleadings but tried by implied or express consent of the parties may be made upon a motion of any party at any time, even after judgment. See Hancock Oil Co. v. Universal Products Co., 9 Cir., 120 F.2d 959, certiorari denied 314 U.S. 666, 62 S.Ct. 127, 86 L.Ed. 533; Canister Co. v. Leahy, 3 Cir., 191 F.2d 255, certiorari denied 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669; Maruska v. Maruska, 7 Cir., 155 F.2d 302; Aetna Casualty & Surety Co. v. Abbott, 4 Cir., 130 F.2d 40; Great Atlantic & Pacific Tea Co. v. Jones, 4 Cir., 177 F.2d 166. We do not think that allowing the instant amendment constituted an abuse of the trial judge's discretion. On the contrary, the amendment was properly allowed for the purpose of conforming the pleadings to the proof.

While the motion for leave to file the amended answer was under advisement, a letter was written by the District Judge to counsel for the parties, advising them that the defendant would be permitted to file its amended answer and advising counsel for the plaintiff that if they desired to do so they would be permitted to introduce additional evidence on the new defenses raised in the defendant's amended answer. Counsel for the plaintiff advised the Court by letter that they did not wish to introduce additional evidence.

For these reasons we think there was no error committed in the trial below and the judgment of the District Court is, accordingly, affirmed.

Affirmed.