856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John BOLLINO, Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD COMPANY, Defendant-Appellee.
 No. 87-3102.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 30, 1988.
Decided Aug. 17, 1988.
 
 John Bollino, appellant pro se.
 Stephen Bennett Caplis, Melnicove, Kaufman, Weiner, Smouse & Garbis, for appellee.
 Before K.K. HALL, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Bollino brought this action for damages against the Baltimore & Ohio Railroad Company under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. Secs. 51, et seq., for injuries sustained as a result of an alleged incident in which one of the defendant's security officers closed a patrol vehicle door on Bollino's arm and shoulder.
 
 
 2
 Plaintiff alleges that on the date of the incident he was employed by defendants as a policeman. At approximately 8:10 a.m., the plaintiff, at the direction of his supervisor, Lt. Earl M. Justi, was seated in a patrol vehicle near defendant's Camden Yard. Shortly thereafter, Justi arrived at plaintiff's location and ordered plaintiff out of his patrol vehicle. As plaintiff exited his patrol vehicle, Justi brushed him out of the way, entered the patrol vehicle and closed the door on plaintiff's arm and shoulder.
 
 
 3
 Plaintiff advanced two case scenarios in support of imposing liability on the defendant for the tortious harm allegedly committed by defendant's employee upon plaintiff. The first, Case A, alleged the intentional tort of assault and battery. The second, Case B, alleged negligence. After a hearing, the district court granted defendant's summary judgment motion. This appeal followed.
 
 
 4
 Summary judgment is proper "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." Pulliam Investment Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir.1987). The party seeking summary judgment has the burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; See Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir.1980). When determining whether the moving party has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the moving party. See Gill v. Rollins Protective Services, Co., 773 F.2d 592, 595 (4th Cir.1985). In reviewing the district court's grant of a motion for summary judgment, this Court must apply the same standards that guided the district court in making its original decision on that motion. See id.
 
 
 5
 To recover pursuant to FELA, a plaintiff must show
 
 
 6
 that he was injured while in the scope of his employment,
 
 
 7
 which employment is in furtherance of the railroad's interstate transportation business,
 
 
 8
 that his employer was negligent, and
 
 
 9
 that his employer's negligence played some part in causing the injury for which compensation is sought.
 
 
 10
 Green v. River Terminal Ry. Co., 763 F.2d 805, 808 (6th Cir.1985). With regard to Case A, in which plaintiff alleges the injuries were intentionally inflicted, the employer's liability may be established under one of two theories. First, under a direct negligence theory, plaintiff must show that the employer could reasonably foresee that the plaintiff would be assaulted and was negligent in failing to prevent the assault. Second, under the doctrine of respondeat superior, plaintiff must show that the intentional tort was committed in furtherance of the employer's business. Sowards v. Chesapeake & O. Ry. Co., 580 F.2d 713, 715 (4th Cir.1978). Under the direct theory of the employer's negligence, "reasonable foreseeability" of danger to an employee is an essential ingredient. Green, 763 F.2d 805. The doctrine of respondeat superior requires proof that the intentional tort was committed in furtherance of the employer's business. Brooks v. Washington Terminal Co., 593 F.2d 1285 (D.C.Cir.), cert. denied, 442 U.S. 910 (1979). An employer cannot be held liable for the wanton act of its employee if the employee assaults another for the sole purpose of satisfying his own temper. Sowards, 580 F.2d at 715. However, "[i]f a supervisor pursues his official duties with an excess of zeal, the employer is liable for the torts resulting from that excess; they are in furtherance of the employer's goals." Lancaster v. Norfolk and Western Ry. Co., 773 F.2d 807, 819 (7th Cir.1985), cert. denied, 55 U.S.L.W. 3661 (U.S., March 30, 1987).
 
 
 11
 In the instant case, plaintiff argued under the direct negligence theory that defendant had knowledge that Justi had a propensity to be "loud and abusive" and that the knowledge should have put the defendant on notice of a foreseeable danger to an employee from intentional misconduct. However, as the district court observed, to be loud and boisterous does not "equate to a propensity to hit somebody or to intentionally assault somebody or, in this case, an intent to put somebody's arm into a door." Evidence of loud and boisterous behavior does not offer the factual basis from which a jury could reasonably infer that the defendant ignored a foreseeable risk of injury. Accordingly, the district court did not err in determining that plaintiff failed to show that the defendant was negligent under the direct negligence theory.
 
 
 12
 In his "Response to Defendant's Motion For Summary Judgment" plaintiff also advanced the doctrine of respondeat superior as a basis for imposing liability on the defendant.[1] Plaintiff argued that Justi, in assaulting and battering plaintiff, believed that he was acting with a view to furthering the interests of his employer by dealing with a situation in which he believed that a co-employee was not properly performing his job.[2] The district court rejected this argument and found that the act of closing a vehicle door on someone was not part of the defendant's business. However, the evidence was sufficient to warrant a finding that Justi was authorized by defendant to direct plaintiff about his work, and that for the purpose of disciplining plaintiff for failing to acknowledge radio transmissions and compelling plaintiff to work, Justi struck plaintiff with the car door and seriously injured him. This evidence is enough to raise as a serious issue whether Justi committed the alleged intentional tort in furtherance of the defendant employer's business objectives. Thus the district court erred when it based its award of summary judgment on the ground that Justi was not acting in furtherance of the defendant's business.
 
 
 13
 Plaintiff's second basis for defendant's liability, Case B, is grounded in negligence. Specifically, Case B alleges that the defendant (through Justi) was reckless, careless and negligent in "failing to advise" or "failing to warn" the plaintiff that the door was being closed and for closing the vehicle door "while the plaintiff was still in close proximity to the doorway." Plaintiff stated in his deposition that the incident was intentional. This position--that the offensive bodily contact was intentional--forecloses consideration that the closing of the door on the plaintiff was unintentional and the result of negligence. See Stepp v. United States, 207 F.2d 909, 911 (4th Cir.1953), cert. denied, 347 U.S. 933 (1954); see also Lambertson v. United States, 528 F.2d 441, 444 (2d Cir.), cert. denied, 426 U.S. 921 (1976). Accordingly, the district court correctly determined that the facts supporting the assault and battery action negated plaintiff's negligence claim.
 
 
 14
 In sum, we reverse the district court's grant of summary judgment to defendant on plaintiff's assault and battery claim. We affirm the court's grant of summary judgment to the defendant on plaintiff's negligence claim. We dispense with oral argument because the facts and legal arguments have been adequately presented in the briefs and record and oral argument would not significantly aid the decisional process.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 Defendant expressed concern that plaintiff first raised the respondeat superior theory in his Response to Defendant's Motion For Summary Judgment. However, under Fed.R.Civ.P. 15(b) the district court may treat the pleadings as though they were amended to conform to the facts set forth upon a motion for summary judgment. 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice p 56.10 (2d ed. 1987)
 
 
 [2]
 In support of this assertion, plaintiff directed the court's attention to reports prepared by Justi after the incident. Defendant argues that because the statements in the reports are unsworn, this Court may not consider them. This Court need not rely on Justi's report. The Decision of the Public Law Board which was submitted by the defendant in support of its summary judgment motion supports plaintiff's contention that Justi was responding to a situation in which an employee under his supervision was not properly performing his job. Defendant's Motion For Summary Judgment, Exh. 6. Because this document was identified at deposition by plaintiff, it is proper for consideration upon motion for summary judgment. See First Nat'l Bank Co., v. Insurance Co. of North America, 606 F.2d 760 (7th Cir.1979)