**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2374**

CHRISTOPHER FABY,

Plaintiff - Appellant,

v.

CSX TRANSPORTATION, INC.,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Albert David Copperthite, Magistrate Judge. (1:19-cv-03337-ADC)

Submitted: August 16, 2021            Decided: September 29, 2021

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

P. Matthew Darby, H. David Leibensperger, BERMAN, SOBIN, GROSS, FELDMAN & DARBY, L.L.P., Lutherville, Maryland, for Appellant. Amy E. Askew, Ryan A. Mitchell, Justin A. Redd, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Faby appeals the magistrate judge's order dismissing his complaint raising claims against CSX Transportation, Inc. ("CSX") pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, and denying him leave to amend his complaint.[*] Finding no error, we affirm.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

"In order to establish an employer's liability under FELA, the employee must show that he was injured while in the scope of his employment, which employment is in furtherance of the railroad's interstate transportation business, that his employer was negligent, and that his employer's negligence played some part in causing the injury for

---

[*] The parties consented to proceeding before a magistrate judge. 28 U.S.C. § 636(c). Faby also raised a claim pursuant to the Federal Railway Safety Act (FRSA), 49 U.S.C. § 20109, but he voluntarily dismissed this claim.

2

which compensation is sought under FELA." *Sowards v. Chesapeake & Ohio Ry. Co.*, 580 F.2d 713, 714 (4th Cir. 1978) (per curiam). When an employee seeks to hold his employer liable for an international tort, such as a coworker assault,

> the negligence of the employer can be established under one of two theories. First, under what has been termed a 'direct' negligence theory, if the employer could reasonably foresee that plaintiff would be assaulted, it is negligence to fail to prevent the assault whether or not the assault was intentional or criminal misconduct. Second, under a theory based on agency principles where the intentional wrong was performed by another employee, it has been held that negligence can be imputed to the employer if the intentional wrong was perpetrated within the fellow employee's scope of employment and in furtherance of the employer's business. But where one employee assaults another employee for the sole purpose of satisfying his own temper or spite, the employer cannot be held liable for such a wanton act.

*Id.* at 715 (citations omitted). Similarly, "'if a supervisor pursues his official duties with an excess of zeal, the employer is liable for the torts resulting from that excess; they are in furtherance of the employer's goals.'" *Bollino v. Balt. & Ohio R.R. Co.*, No. 87-3102, 1988 WL 86619, at *1 (4th Cir. Aug. 17, 1988) (unpublished) (quoting *Lancaster v. Norfolk & W. Ry. Co.*, 773 F.2d 807, 819 (7th Cir. 1985)).

We conclude that the magistrate judge correctly dismissed Faby's original complaint. Under the direct negligence theory, Faby did not allege that CSX knew that Shoemaker, his supervisor, had assaulted anyone. In *Sowards*, we rejected the plaintiff's direct negligence claim because the "plaintiff admitted [the defendant] was not known as an emotional person." 580 F.2d at 715. While Faby alleged CSX knew of Shoemaker's anger management problem, this is a conclusory allegation. An anger management problem just as plausibly describes someone who is simply verbally abusive, not physically

3

so, and CSX's knowledge of verbal abuse would not necessarily make it reasonably foreseeable to CSX that Shoemaker would become physically abusive. *See Bollino*, 1988 WL 86619, at *1. Moreover, the mere fact that Shoemaker is a boxer does plausibly lead to the conclusion that he was more likely to assault someone.

As for Faby's claim under respondeat superior, we rejected a similar claim in *Sowards*, where the plaintiff, a therapist, was shot by a physician. 580 F.2d at 713-14. We concluded that respondeat superior did not apply because:

> The clandestine nature of the alleged intentional shooting indicates that it could not possibly be considered as one performed within the fellow employee's scope of employment or in furtherance of hospital business. Also, plaintiff admits that the assault was personal in nature because he testified that he thinks it was precipitated by an altercation involving his use of a doctor's private room and that his practice of using the physicians' living quarters arose out of his personal relationship with the doctors who lived there.

*Id.* at 715.

By contrast, in *Bollino*, a supervisor assaulted the plaintiff by closing a car door on the plaintiff's arm and shoulder. 1988 WL 86619, at *1. We found that the plaintiff had introduced enough evidence to survive summary judgment because the supervisor "was authorized by defendant to direct plaintiff about his work, and that for the purpose of disciplining plaintiff for failing to acknowledge radio transmissions and compelling plaintiff to work, [the supervisor] struck plaintiff with the car door and seriously injured him." *Id.* at *2.

While Faby's criticism of Shoemaker was work-related, Shoemaker's assault is akin to the doctor's shooting of the therapist. Both had workplace grievances with the plaintiffs

and reacted by assaulting the plaintiffs. Unlike the supervisor in *Bollino*, Shoemaker was not attempting to discipline Faby; rather, he was responding to a perceived slight by Faby. Therefore, the magistrate judge correctly rejected Faby's claim under respondeat superior.

Faby also claims that the magistrate judge erred in denying him leave to amend his complaint. A party may amend a pleading once as a matter of right within 21 days of service of the pleading or of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend should be freely given when justice so requires, . . . [a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (cleaned up). An amendment is futile "if the proposed amended complaint fails to state a claim." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). "[W]e review de novo a district court's denial of leave to amend on the basis of futility." *Davidson v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019).

Although Faby's amendments strengthened his claims, we nevertheless agree with the magistrate judge that they were futile. Under the respondeat superior theory, his allegation that Shoemaker assaulted him to reassert his authority over him, while designed to match the facts in *Bollino*, is insufficient to show that the assault was committed in the course of Shoemaker's employment. The fact remains that the most plausible interpretation of the incident is that the Shoemaker was angry at being criticized and assaulted Faby in frustration.

5

As for his direct negligence claim, while Faby alleged that CSX employees reported Shoemaker's anger management problem, he did not allege that a CSX employee reported an assault. Although Faby included an allegation that Shoemaker had committed prior assaults, and that CSX would have learned of the assaults through the exercise of due diligence, he did not allege that these assaults occurred at the workplace. This is similar to a claim rejected by the District of Columbia Circuit, where the plaintiff did not "show that the terminal company knew of [the employee]'s arrest record when it hired him, or that the company's procedures for screening applicants for employment were below the required standard of care." *Brooks v. Wash. Terminal Co.*, 593 F.2d 1285, 1289 (D.C. Cir. 1979).

Therefore, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*