**Trinidad FERRAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 8694.**

United States District Court
D. Puerto Rico, San Juan Division.

Oct. 10, 1956.

See also D.C., 17 F.R.D. 210.

Charles Henry Julia, San Juan, P. R., for plaintiff.

Ruben Rodriguez Antongiorgi, U. S. Atty., Francisco Gil, Jr., Asst. U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

Jurisdiction of the court in this action is invoked under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2401(b), 2671–2680.

Under the amended complaint the alleged liability of the United States to the plaintiff herein, consists in that on September 12, 1953, Ralph H. Armington, an employee of the United States Government, while acting within the scope of his employment, and in the vicinity of the U. S. Naval Base in the Commonwealth of Puerto Rico, "carelessly and negligently fired at Juan Mastache Ferran with a firearm, while said Mastache Ferran was fishing from a rowboat in the ocean," that as a result of said shooting Juan Mastache Ferran died in the hospital the next day, and that he was the sole supporter of plaintiff Trinidad Ferran, who is the sole and universal heir of the deceased.

Defendant, in its answer, admits that one Ralph Henry Armington, a member of the Department of the Navy of the United States, fired three shots from a .45 caliber service automatic pistol, the last of which hit one Juan Mastache Ferran, further alleging that at that time the said Juan Mastache Ferran was a trespasser on the United States Naval Reservation at Isla Grande, San Juan, Puerto Rico, and denying each and every other allegation contained in paragraph 2 of the amended complaint. It also admits that Juan Mastache Ferran died on September 17, 1953, but denies, for lack of information to form a belief as to the truth thereof, that the deceased was the sole supporter of plaintiff and that she is the only and universal heir of said deceased.

In addition, defendant, in its said answer, alleges four affirmative defenses. That, designated as *I*, is the only one pertinent to the present decision, and reads as follows:

"I.

"The defendant affirmatively alleges that the amended complaint fails to state facts upon which relief can be granted for the reason that the death of Juan Mastache Ferran by Ralph Henry Armington came as a result of an assault committed on said Mastache Ferran by said Ralph Henry Armington, within the scope of the exception to the Federal Tort Claims Act, provided in Section 2680(h) of said Act (28 U.S. C.A. § 2680(h))."

The action was set for trial, whereupon the parties agreed to submit it for decision, on the issue of liability of the United States to the plaintiff under the Federal Tort Claims Act, which she invokes, by means of a stipulation of facts to be agreed upon and filed in due course and memoranda to be submitted by counsel in support of their respective positions on said issue.

The aforesaid stipulation of facts and memoranda have been duly filed and the court, after detained consideration thereof as well as of the law and decisions applicable to the issue under submission, finds itself duly advised in the premises.

I.

Among the exceptions to the liability in tort of the United States in actions of this nature figures one contained in Section 2680(h), Title 28 U.S.C.A., which reads as follows:

"The provisions of this chapter and section 1346(b) of this title *shall not apply to*—

"(a)   *   *   *

"(b)   *   *   *

"(c)   *   *   *

"(d)   *   *   *

"(f)   *   *   *

"(g)   *   *   *

"(h) Any claim arising out of *assault, battery,* false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." (Emphasis supplied.)

From the stipulation of facts submitted by the parties, which must be taken by the court as the only proof of the facts on the question at issue, it appears:

(a) That on the night of September 12, 1953 Ralph Henry Armington, Chief Machinist and a member of the Department of the Navy of the United States,

was the Duty Officer at the U. S. S. Opportune, which at the time was stationed in waters adjacent to the Navy installation at Isla Grande, San Juan, Puerto Rico (Par. 1 of said stipulation).

(b) That on said night a person, later determined to be Juan Mastache Ferran, was rowing on a boat on waters within the Naval Reservation at said Isla Grande, *at a distance of about thirty feet off the shore of the installation.* (Par. 2 thereof. Emphasis supplied.)

(c) That upon Mastache Ferran being sighted by other Naval personnel from the U. S. S. Opportune, said Ralph Henry Armington was called to the deck of said ship and *without giving any vocal warnings to said Juan Mastache Ferran, fired three shots* from a .45 caliber service automatic, *the last of which hit Juan Mastache Ferran, wounding him critically.* Mastache Ferran died at Rodriguez Army Hospital on September 17, 1953 from the injury he received. (Par. 3, Idem. Emphasis supplied.)

(d) That shortly *before the shooting* above referred to, *searchlights were focused on Mastache Ferran and his rowboat* and Mastache Ferran never stopped *rowing away* in an apparent effort to escape. (Par. 4, Idem.—Emphasis supplied.)

(e) That Ralph Henry Armington was indicted by the Grand Jury of this Court on October 29, 1953 for unlawfully killing without malice Juan Mastache Ferran, under Title 18 United States Code, §§ 7(1) and 1112, and was sentenced by this court on a plea of guilty. (Par. 5, Idem.)

I fail to see how, on the basis of the above stipulated facts, this court would be warranted in finding the United States liable under the Federal Tort Claims Act, 28 U.S.C.A. Sections 1346(b), 2671–2680, particularly in view of the exception contained in Section 2680(h), quoted supra; or assume jurisdiction in this action over the United States, whose consent to waive its sovereign immunity therefor has been expressly limited to cases not falling within the above exception.

No doubt that, under the stipulated facts, Ralph Henry Armington's acts and conduct amounted to an assault or an assault and battery, and, therefore, fell within the aforesaid exception.

It would serve no purpose whatsoever to indulge in a discussion of whether the test for determining if Armington's acts and conduct constituted an assault or assault and battery must be found in the local law of the Commonwealth of Puerto Rico or in the general or common law.

Though it has been decided that this question must be determined according to the general or common law rather than the local law, Stepp v. United States, 4 Cir., 207 F.2d 909, at page 911, second col., certiorari denied 347 U.S. 933, 74 S.Ct. 627, 98 L.Ed. 1084, I find no difference in this respect between the general or common law and the local law of the Commonwealth of Puerto Rico.

Under the Commonwealth's law Armington's acts and conduct amounted to an aggravated assault and battery which ripened into manslaughter.

See Title 33 L.P.R.A. Sections 821, 822 (in conjunction with 823 which provides that where violence is permissible under any of the paragraphs of Section 822 "only that degree of force must be used which is necessary to effect such purpose"), 826(8) and 635.

Under said provisions malice is not an element of the crime. See, in this respect: People v. Blandford, 23 P.R.R. 580, 585; People v. Astacio, 23 P.R.R. 783, 785; People v. Canales, 23 P.R.R. 786; People v. Cruz, 25 P.R.R. 302; People v. Sanchez, 60 D.P.R. (Spanish Text) 108.

The test in the general or common law, appears very aptly stated in Restatement of the Law of Torts, Vol. 1, Sec. 20, as follows:

"§ 20. Character of Intent Necessary.

"(1) If an act is done with the intention of inflicting upon another a harmful bodily contact or of putting the other in apprehension of either a harmful or offensive bodily

contact and if it causes an offensive bodily contact to the other, the actor is liable to the other although the act was not done with the intention of bringing about the resulting offensive contact.

"(2) If an act is done with the intention of affecting a third person in the manner stated in Subsection (1) but causes an offensive bodily contact to another, the actor is liable to such other as fully as though he intended so to affect him.

"Comment on Subsection (1):

"a. In order that an offensive contact may be actionable, it is not necessary that the actor intend to inflict an offensive contact. It is enough that he intend to inflict either an offensive or a harmful contact or to bring about an apprehension thereof.

"Illustrations:

"1. ——————————————————
——————————————————
——————————————————
——————————————————

"2. A, intending merely to frighten B, throws a bucketful of water at him. The water unexpectedly splashes in B's face. A is liable to B."

See also: Stepp v. United States, supra, 207 F.2d at page 911, first col.; Lewis v. United States, 3 Cir., 194 F.2d 689; Moos v. United States, 8 Cir., 225 F.2d 705.

The facts as stipulated in the present action are to the effect that on the night of September 12, 1953 Juan Mastache Ferran was rowing on a boat on waters adjacent to the Naval Reservation at Isla Grande in the bay of San Juan, Puerto Rico, at a distance of about 30 feet off the shore of said installation, and that upon being sighted by the Naval personnel on board the U. S. S. Opportune, stationed in waters also adjacent to said installation, this fact was brought to the attention of its Chief Machinist and Duty Officer Ralph Henry Armington who came on deck, and *without giving any vocal warnings* to said Juan Mastache Ferran, or in any way making known to him that he was doing something wrong or that he was supposed to act in a certain way, fired three shots at the latter, wounding him critically and causing his death five days later. Shortly before the shooting search lights had been focused on Mastache Ferran and his rowboat and he never stopped *rowing away*.

It is, therefore unavoidable for the court to conclude that the above facts squarely fall within those as to which the exception contained in Title 28 U.S. C.A. § 2680(h), makes inapplicable the whole chapter of said Title which embodies the Federal Tort Claims Act, Title 28 U.S.C.A. §§ 2671–2680, as well as Section 1346(b) of the same title conferring jurisdiction to this court over this type of actions against the United States.

As in Stepp v. United States, supra, where the assaulted seamen, while boarding the vessel on which he was detached, *had actually refused to obey orders* and regulations which the sentry had the duty to enforce; and in Lewis v. United States, supra, where the sentry had already stopped Lewis' car at the gate, because there was no property pass covering the tools he was carrying, and serious incidents had happened between Lewis and several guards and sentries, it was found that the shooting amounted to assaults and batteries, falling within the aforesaid exception of the Federal Tort Claims Act, it would be error for this court to rule otherwise in the present case where the acts and conduct of the government's employee are still graver than in those cases.

Here, there is not the slightest proof that Mastache Ferran was actually within a naval reservation; nor that he was doing anything wrong; nor that he was disobeying or violating standing orders or regulations of any sort whatsoever. He was simply rowing on a boat at a distance of about 30 feet from the shore of the naval installation and doing nothing else, and, when the search lights focused him and his rowboat, he continued to row away farther from the shore of the in-

stallation. He was given no vocal warnings, much less any orders, or instructions that he would be supposed to obey. There is no proof whatsoever that he might have known that he was rowing his boat at a place adjacent to a naval reservation or that any prohibition therefor existed; or that he was subject to any standing orders or regulations.

He was thus unnecessarily and viciously shot at by Armington.

In this case there is not even the occasion to consider the question about the comparative degree of force or violence to be used by a law enforcing officer in seeking obedience to standing orders or regulations, which was present in the cases above cited.

Here there was no occasion to justify, under the stipulated facts, the use of any force whatsoever, much less to justify a wanton killing.

■ The amended complaint must be, therefore, dismissed because the facts, as stipulated by the parties, establish that the acts and conduct of Ralph Henry Armington, a member of the Department of the Navy, while acting as Duty Officer at the U. S. S. Opportune on September 12, 1953, in shooting at Juan Mastache Ferran, under the circumstances above mentioned, amounted to and constituted an assault and battery, which falls within the exception contained in Title 28 U.S. C.A. § 2680(h), and as to which the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671–2680, and the provisions of Title 28 U.S.C.A. § 1346(b) on which rests this court's jurisdiction to take cognizance of any such claims against the United States, shall not apply.

## II.

■ Even if this court had jurisdiction to take cognizance of this case (which as I have already decided in *I* above it does not have), still the action would have to be dismissed, because defendant, in paragraph 4 of its answer, has denied the allegations of paragraphs 4 and 5 of the amended complaint which deal with plaintiff's alleged right of action as the only person receiving support from the deceased and as the alleged sole and universal heir of said deceased.

As the stipulation of facts is silent in these respects, there is no proof whatsoever that the deceased was the sole supporter of the plaintiff Trinidad Ferran nor that she is the sole and universal heir or in any way a relative of said deceased and, therefore, that she has any right of action whatsoever to claim any damages on account of his death.

This action must be, therefore, dismissed.

It is so ordered.