FRANCISCO BÁEZ VEGA, Plaintiff and Appellant, *v.* THE COMMONWEALTH OF PUERTO RICO, Defendant and Appellee.

No. 330. Decided January 10, 1963.

*José Martín Betancourt* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Jorge Segarra Olivero, Assistant Solicitor General,* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

On the evening of December 22, 1958, the janitor of the high school of Sabana Grande, Francisco Báez Vega, appellant herein, as he was closing the school after classes realized that two persons had entered and were in one of the classrooms. Báez went out to fetch a policeman and returned accompanied by police officer Marcelino Flores. When they reached the room Flores gave a flashlight to appellant and ordered him to open the door of the room, which he did. When he lighted inside they saw two persons in the room whom Báez recognized as students of the school and so informed police officer Flores. One of the students dashed out through the door without touching Flores or Báez. When Flores saw the student running he drew his official revolver and fired at him, but instead wounded Báez on the left elbow. The police officer fired two other shots at the one who was run-

ning, and then went inside the room and apprehended the other student. He realized immediately that he had injured Báez and removed him to the hospital. In the district hospital of Ponce it was necessary to operate appellant's elbow in order to remove the bullet, and he was confined during 17 days. Afterwards he continued to receive massage and diathermy treatment in Clínica Pila in Ponce and in the State Insurance Fund Clinic in San Juan, as a result of which he suffered permanent disability in the functions of his left arm, particularly in the flexion and extension movement of the elbow.

Appellant sued the Commonwealth for $15,000 for damages sustained by him by reason of the negligence of police officer Flores in injuring him in the manner described above.

At the hearing of the case appellant testified that the two students in question were not strong nor robust; that they were not armed and did not attack him nor the police officer; that neither his life nor that of the police officer was in danger of great bodily injury; that the two students were "good boys"; that the police officer fired at them without thinking.

In its judgment of April 29, 1960, the trial court concluded that the Commonwealth was not liable for the damages sustained by appellant because the action of police officer Flores in firing unnecessarily at the student constituted an act of assault and battery and a violation of § 138 of the Penal Code, 33 L.P.R.A. § 496, the Commonwealth having expressly denied authorization to be sued in such cases, according to § 6 of Act No. 104 of June 29, 1955, 32 L.P.R.A. §§ 3077-84. Feeling aggrieved, appellant filed this petition for review and this Court issued the corresponding writ of review on June 17, 1960, the case having been definitively submitted to this Court for consideration in September 1961.

The judgment in this case should be affirmed for the reasons which we state below.

Appellant alleges that the trial court committed gross error of law in holding that the action of the police officer in this case constitutes an offense of assault and battery, and that the Commonwealth's authorization to be sued does not cover the damages sustained in a situation such as this. In support of this contention it is alleged that § 2 of Act No. 104 of June 29, 1955, authorizes actions for damages against the Commonwealth by reason of an act or omission of an agent or employee.

The provisions of this Act applicable to this case are the following:

"Section 2.—Authorization is hereby granted to sue the Commonwealth of Puerto Rico before the Court of First Instance of Puerto Rico for the causes set forth in the following actions:

"(a) Actions for damages to person or property up to the sum of $15,000 caused by a culpable or negligent act or omission of any officer, agent, or employee of the Commonwealth, or of any other person acting in an official capacity within the scope of his duty, office, or employment."

"Section 6.—Nothing in sections 3077-3084 of this title and section 5142 of Title 31 authorizes actions for damages against the Commonwealth by reason of an act or omission of an officer, agent, or employee:

. . . . . . .

"(d) which constitutes assault, battery, or any other offense against the person, unlawful imprisonment, unlawful arrest, malicious persecution, slander, libel, defamation, misrepresentation, or imposture."

Appellant contends that at the time of the occurrence of the acts which gave rise to this cause the police officer was acting in his official capacity preserving public order and repressing crime, and that his action was carried out within the sphere of his functions as his duty to protect property, maintain public order, prevent, detect, and repress crime, pursuant to the Act creating the Police of Puerto Rico. Appellant maintains that the provisions of subd. (d) of § 6 of the Act should not be applied to the circumstances of this

case, since "In order that such contention may be successful it was necessary that the situation be placed entirely within the area of a wrongful act," and that "The police officer in this case was not performing acts in violation of law, nor involved in acts constituting offense to the social order or to the peace." It is alleged that it was necessary to show that the police officer was a wrongdoer; that to constitute the offense of assault and battery criminal intent is necessary, and to that end the commission of a voluntary and unlawful act is required as well as the use of reasoning by a person of sound judgment, or the intent of wrong, and that when the wrongful consequence is the result of carelessness or of a pure casual act the criminal intent can not be inferred. *People* v. *Astacio*, 23 P.R.R. 783, 785 (1916).

■ In support of this theory, appellant cites the case of *Tastor* v. *United States*, 124 F. Supp. 548 (Cal. 1954), in which a provision similar to subd. (d) of § 6 of Act No. 104 *supra*, contained in the Federal Tort Claims Act—28 U.S.C.A. § 2680—is construed. In this case damages were claimed under the said Federal Act by the administratrix of the estate of the deceased first mate Tastor, whose death occurred when he returned to his ship accompanied by the second mate and a married civilian couple invited aboard by the other two for a cup of coffee. The sentry on duty refused to allow the civilians aboard the vessel. During the argument the sentry drew his pistol, charged it, fired one shot wildly and at that point Tastor and the chief steward lunged for him in an effort to disarm him. In the struggle for the gun Tastor was shot through the heart and died on the spot. The court held that the sentry had been negligent, but that according to his own testimony he did not intend to discharge the pistol and much less at Tastor and, therefore, that he did not commit the offense of assault and battery in causing Tastor's death. It therefore sustained the claim, distinguishing this case, for want of the required intent, from those of *Stepp* v. *United States*, 207 F.2d 909 (C.C.A. 4,

1953); *Lewis* v. *United States,* 194 F.2d 689 (C.C.A. 3, 1952); and *Maddux* v. *United States,* No. 13679-Y, D.C.S.D. California. Appellant also relies on the case of *Meléndez* v. *Commonwealth,* 81 P.R.R. 798 (1960), which sustained a claim for the death of a person who was run over by a motor vehicle belonging to the Government of the United States of America, assigned to the National Guard. Defendant-appellant alleged that the facts of the case constitute an offense of involuntary manslaughter, and that the purpose of Act No. 104 of 1955 is not to hold the Commonwealth liable for wrongful acts of its officers. On the contrary, in the opinion of that case it was said that "It was not the intention of the Legislature in approving said subdivision (d) to maintain the immunity of the Commonwealth against claims for damages caused by the reckless and negligent acts of its officers, agents or employees. What it had in mind rather was to maintain the immunity of the Commonwealth against suits originated by those wrongful acts committed deliberately or intentionally by its officers, agents or employees," concluding "that involuntary manslaughter is not one of those acts where, as in this case, death is caused 'in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection.'" Briefly, in order that the Commonwealth's immunity may not subsist under the exception of subd. (d) of § 6 of Act No. 104 of 1955 *supra,* the damage must flow from negligent acts of an employee which do not constitute certain offenses in which intent is an essential element.

 The question for decision therefore hinges on whether or not the act which caused the damages to appellant herein constituted assault and battery, and to that effect whether it was committed with the required intent.

The case at bar is similar to that of *People* v. *Estrella,* 42 P.R.R. 331 (1931). In that case a police officer fired at a person who fled after attacking him and in firing at him injured a third person. This Court held that under those cir-

cumstances he had committed an offense of assault and battery. The fact that the shot was not aimed at a person who was wounded is immaterial and it was so stated by this Court in *People* v. *Estrella, supra:* "It is an old and constant doctrine of the law and the jurisprudence that every person is presumed to intend the natural consequences of his act. One who fires a revolver at a certain person and wounds another, is criminally liable, whether homicide or mere bodily injury be the result of the shot."

In *People* v. *Colón,* 65 P.R.R. 714 (1946), the prosecution evidence tended to show that defendant, an insular police officer, pursued two individuals for the purpose of arresting them and while doing so he fired his revolver twice. One of the shots caused the death of a person who was incidentally talking with his wife and some neighbors. In affirming the judgment of the trial court finding defendant guilty of the offense of voluntary manslaughter, this Court said: "It is a universal rule of criminal law that every person intends and is responsible for the natural consequences of his actions. Hence, when *A*, upon attempting a criminal act against *B*, wounds or kills *C*, it is the same as if he had intended the criminal act against *C*."

■ In *People* v. *Figueroa,* 80 P.R.R. 317 (1958), defendant and one Gumersindo Burgos engaged in an argument and defendant swung a blow at Burgos. The latter evaded the blow, but a private who was standing behind Burgos received it on the chest. As a result of the blow the private fell backwards on the pavement of the road fracturing his skull. In footnote 7 of the opinion of the Court it was said: "According to the doctrine of implied intent or transferred intent, which has been the object of much controversy and distinction—1 Wharton, Criminal Law 194, footnote 8—we must regard the attack as having been on private Torres Muñoz. Section 51 of the Penal Code, 33 L.P.R.A. § 97."[1]

---

[1] That section provides: "The last two sections do not protect a person who, attempting unsuccessfully to commit a crime, accomplishes

The cases of *People* v. *Estrella* and *People* v. *Colón, supra,* were cited with approval. See, also, the cases of *Caballero* v. *People,* 36 P.R.R. 60 (1926) ; *People* v. *Rivera,* 36 P.R.R. 171 (1927) ; *People* v. *Cabán,* 45 P.R.R. 210 (1933) ; *People* v. *Cartagena,* 54 P.R.R. 827 (1939).

It is evident that the action of police officer Marcelino Flores in using more force than was necessary in carrying out an arrest, firing several times at the boy who was running away, places the present controversy within the ambit of the doctrines announced in the cases of *People* v. *Estrella* and *People* v. *Colón, supra.* 1 WHARTON, Criminal Law and Procedure 686, § 338; PROSSER, Torts 33 (2d ed.) ; Restatement, Torts, §§ 16, 20.

In construing the provisions of the Federal Tort Claims Act *supra,* the American courts have held that where a law officer negligently and without exercising due care fires and kills (or wounds as in the case at bar) a person, the cause of action sought to plead is one for assault and battery and is therefore excluded from the authorization granted by that statute to make tort claims against the State. *Alaniz* v. *United States,* 257 F.2d 108 (C.C.A. 10, 1958) ; *Ferrán* v. *United States,* 144 F. Supp. 653 (D.C.P.R. 1956) ; *Stepp* v. *United States, supra; Lewis* v. *United States, supra.* See, also, *Jones* v. *Federal Bureau of Investigations,* 139 F. Supp. 38 (Md. 1956) ; *Morton* v. *United States,* 228 F.2d 431 (C.C.A.D.C. 1956) ; *Moos* v. *United States,* 225 F.2d 705 (C.C.A. 8, 1955) ; *United States* v. *Hambleton,* 185 F.2d 564 (C.C.A. 9, 1950) ; 23 A.L.R.2d 574.

In *Jiménez* v. *People,* 83 P.R.R. 195 (1961), The People of Puerto Rico was exonerated from liability for the death of a citizen caused by a pistol shot fired by a police officer.

---

the commission of another and different crime, whether greater or less in guilt, from suffering the punishment prescribed by law for the crime committed."

See, also § 38 of the Penal Code, subd. 8, 33 L.P.R.A. § 85, which in its pertinent part reads as follows: "If the act committed was intended for another, the person committing the offense is answerable as though it was committed against the person intended."

It was held that the prosecution of the case was not governed by Act No. 104 *supra*, since judicial proceedings based on the facts of the case were brought on April 22, 1955, and should continue to be prosecuted until their termination, according to the legislation in force at that time, as provided by Act No. 30 of June 11, 1957 (Sess. Laws, p. 59), which amends Act No. 104 *supra*, and that under the law applicable to the case it was necessary to show, and was not done, that there was a connection between the killing and the exercise by the police officer of the duties of his employment. In the case at bar the policeman was acting within the scope of his office, but he committed the offense of assault and battery which exonerates the Commonwealth from liability under Act No. 104 *supra* under which the case is prosecuted. In *Rodríguez* v. *People*, 75 P.R.R. 377 (1953), it was held that the police officer was acting within the scope of his employment when he caught plaintiff operating a still. The fact that the police officer used excessive force consisting in firing two shots at plaintiff, piercing both thighs, did not relieve the State from liability under Act No. 412 of May 11, 1951 (Sess. Laws, p. 1096), which governs and refers specifically to the situation herein. On the contrary, as we have already stated, in the case at bar the controlling Act exempts the State from liability.

■■ The *Tastor* and *Meléndez* cases *supra*, relied on by appellant, are distinguishable from the present case because there is lacking in the former the essential element of intent which is in turn the essential element of the offense of assault and battery. And we have already seen that the cases in which the required intent exists, giving rise to the commission of the offense of assault and battery, are expressly excluded from the authorization granted by the Commonwealth under Act No. 104 of 1955 to be sued for damages caused by an act or omission of its officers, agents, or employees. *Cf. Dobbins* v. *Hato Rey Psychiatric Hospital, ante*, p. 28.

■ Although it was not alleged as a defense that appellant had received compensation from the State Insurance Fund, the record shows that he received weekly allowances and $2,764 compensation from the Fund. (Tr. Ev. 17.) Therefore, such remedy being exclusive in actions such as this against the same employer, for this additional reason the claim in this case does not lie. 11 L.P.R.A. § 21. *Cepeda* v. *Industrial Commission; Rivas, Int.,* 76 P.R.R. 750, 766 (1954); *De Jesús* v. *Osorio,* 65 P.R.R. 601 (1946).

For the reasons stated, we hold that the error assigned was not committed and, consequently, the judgment on review will be affirmed.